## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **CABATECH, LLC** | : | |
| **SUITE 108, 5435 BALBOA BLVD** | : | |
| **ENCINO, CALIFORNIA 91316** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO.** |
| | : | |
| **NEXTLIGHT, LLC** | : | **JUDGE:** |
| **4061 CLOUGH WOODS DR.** | : | |
| **BATAVIA, OH 45103** | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| **Defendant.** | : | |

Plaintiff CABATech, LLC (hereinafter "Plaintiff") brings this complaint against

NextLight, LLC (hereinafter "Defendant") and alleges as follows:

### PARTIES

1. Plaintiff is a California limited liability company registered as a foreign limited liability

   company with the Ohio Secretary of State, with its principal place of business in Encino,

   California.

2. Defendant is a domestic limited liability company registered with the Ohio Secretary of

   State, with an office in Batavia, Clermont County, Ohio.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by virtue of 28 U.S.C.§1332 as the amount in

   controversy exceeds $75,000.00 and diversity is complete in that Plaintiff is a California

   limited liability company and Defendant is an Ohio limited liability company.

1

4.  Venue lies in this forum pursuant to 28 U.S.C.§1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in Clermont County in the Southern District of Ohio.

## FACTS COMMON TO ALL CLAIMS

5.  Plaintiff is in the business of providing lighting fixtures, PCB assembly, enclosures, optics, controls, and other lighting fixtures (hereinafter "Products").

6.  Upon information and belief, Defendant NextLight, LLC, was organized in August 2011, by Frank Wood.

7.  Between December 2020 and July 2021, Defendant placed numerous orders of Products with Plaintiff for drop shipment to Defendant's warehouse in Ohio.  (Attached hereto as Exhibit A and incorporated as if fully rewritten herein).

8.  On February 26, 2021, pursuant to the NextLight PO CAB104, NextLight was invoiced (Invoice # 0000034827-IN – Attached hereto as Exhibit B and incorporated as if fully rewritten herein) in the amount of $109,855.00 for light fixtures described as POCAB104.

9.  On March 2, 2021, pursuant to the NextLight PO CAB101, NextLight was invoiced (Invoice # 0000034828-IN – Attached hereto as Exhibit C and incorporated as if fully rewritten herein) in the amount of $2,179.30 for light fixtures described as POCAB101.

10. On March 18, 2021, pursuant to the NextLight PO CAB095, NextLight was invoiced (Invoice # 0000034840-IN – Attached hereto as Exhibit D and incorporated as if fully rewritten herein) in the amount of $169,823.20 for light fixtures described as POCAB095.

11. On March 23, 2021, pursuant to the NextLight PO CAB104, NextLight was invoiced (Invoice # 0000034844-IN – Attached hereto as Exhibit E and incorporated as if fully rewritten herein) in the amount of $108,511.14 for light fixtures described as POCAB104.

12. On March 29, 2021, pursuant to the NextLight PO CAB095, NextLight was invoiced (Invoice # 0000034851-IN – Attached hereto as Exhibit F and incorporated as if fully rewritten herein) in the amount of $169,958.20 for light fixtures described as POCAB095.

13. On March 29, 2021, pursuant to the NextLight PO CAB104, NextLight was invoiced (Invoice # 0000034852-IN – Attached hereto as Exhibit G and incorporated as if fully rewritten herein) in the amount of $1,343.86 for light fixtures described as POCAB104.

14. On April 12, 2021, pursuant to the NextLight PO CAB106, NextLight was invoiced (Invoice # 0000034865-IN – Attached hereto as Exhibit H and incorporated as if fully rewritten herein) in the amount of $109,855.00 for light fixtures described as POCAB106.

15. On May 5, 2021, pursuant to the NextLight PO CAB107, NextLight was invoiced (Invoice # 0000034897-IN – Attached hereto as Exhibit I and incorporated as if fully rewritten herein) in the amount of $23,037.60 for light fixtures described as POCAB107.

16. On May 13, 2021, pursuant to the NextLight PO CAB095, NextLight was invoiced (Invoice # 0000034909-IN – Attached hereto as Exhibit J and incorporated as if fully rewritten herein) in the amount of $170,723.20 for light fixtures described as POCAB095.

17. On May 21, 2021, pursuant to the NextLight PO CAB107, NextLight was invoiced (Invoice # 0000034914-IN – Attached hereto as Exhibit K and incorporated as if fully rewritten herein) in the amount of $76,768.41 for light fixtures described as POCAB107.

18. On May 21, 2021, pursuant to the NextLight PO CAB103, NextLight was invoiced (Invoice # 0000034917-IN – Attached hereto as Exhibit L and incorporated as if fully rewritten herein) in the amount of $38,059.20 for light fixtures described as POCAB103.

19. On May 27, 2021, pursuant to the NextLight PO CAB107, NextLight was invoiced (Invoice # 0000034926-IN – Attached hereto as Exhibit M and incorporated as if fully rewritten herein) in the amount of $14,152.96 for light fixtures described as POCAB107.

20. On June 1, 2021, pursuant to the NextLight PO CAB103, NextLight was invoiced (Invoice # 0000034933-IN – Attached hereto as Exhibit N and incorporated as if fully rewritten herein) in the amount of $170,123.20 for light fixtures described as POCAB103.

21. On June 11, 2021, pursuant to the NextLight PO CAB103, NextLight was invoiced (Invoice # 0000034947-IN – Attached hereto as Exhibit O and incorporated as if fully rewritten herein) in the amount of $170,123.20 for light fixtures described as POCAB103.

22. On June 28, 2021, pursuant to the NextLight PO CAB105, NextLight was invoiced (Invoice # 0000034963-IN – Attached hereto as Exhibit P and incorporated as if fully rewritten herein) in the amount of $165,065.80 for light fixtures described as POCAB105.

23. On July 23, 2021, pursuant to the NextLight PO CAB105, NextLight was invoiced (Invoice # 0000335030-IN – Attached hereto as Exhibit Q and incorporated as if fully

rewritten herein) in the amount of $174,880.60 for light fixtures described as POCAB105.

24. The sixteen (16) orders from Defendant to Plaintiff referenced in Paragraph 7 herein totaled $1,674,459.87.

25. Based upon the representation from Defendant that Defendant would abide by its agreement with Plaintiff in that Defendant would pay for the shipments referenced in Paragraph 7 herein, Plaintiff shipped the Product to Defendant.

26. Between February 2021 and December 2021, Defendant paid to Plaintiff a total of $99,459.12 toward the amount shipped of $1,674,459.87.

27. As of January 2022, the balance due Plaintiff by Defendant for the sixteen shipments is $1,575,000.75.

28. Upon information and belief, after Defendant received $1,674,459.87 in Product from Plaintiff and having only paid $99,459.12 toward the amount due to Plaintiff.

29. Defendant owes Plaintiff $1,575,000.75. (See Account Statement – Attached hereto as Exhibit R and incorporated as if fully rewritten herein)

## COUNT ONE - BREACH OF CONTRACT

30. Plaintiff incorporates the allegations contained above as if fully rewritten herein.

31. Plaintiff entered into an Agreement with Defendant wherein Plaintiff would provide Products to Defendant and Defendant agreed to pay for said Products as evidenced by the Invoices and purchase orders.  (Invoices and purchase orders attached as Exhibits A-R and incorporated as if fully rewritten herein) (hereinafter "Agreement").

32. Pursuant to the Agreement, Plaintiff would provide Products on account to Defendant and Defendant would pay for said Products.

33. Plaintiff fulfilled its obligations of the Agreement by delivering the Products to Defendant pursuant to Defendant's request/orders.

34. Defendant has not paid for the Product shipments as agreed upon.

35. Defendant has breached the Agreement between Plaintiff and Defendant by not paying the amounts due for the Products.

36. Plaintiff states that Defendant is obligated to pay for said Products provided by Plaintiff in the principal amount still owing of $1,575,000.75.

37. As a direct and proximate result of Defendant's breach of contract as set forth above, Plaintiff is entitled to damages in an amount of at least $1,575,000.75, plus interest, costs, and reasonable attorney fees for collection.

38. As Plaintiff has not fully realized the full impact of Defendant's breach of contract, Plaintiff may further sustain additional damages and consequently reserves the right to amend its damages claim.

## COUNT TWO – ON ACCOUNT

39. Plaintiff incorporates the allegations contained above as if fully rewritten herein.

40. Defendant owes the principal amount of $1,575,000.75, plus interest, costs, and reasonable attorney fees for collection for Products and services rendered and provided to Defendant by Plaintiff according to the Bill Summary and Account.  (Account attached as Exhibit R and incorporated as if fully rewritten herein.)

## COUNT THREE - UNJUST ENRICHMENT

41. Plaintiff incorporates the allegations contained above as if fully rewritten herein.

42. Plaintiff provided Products to Defendant with the reasonable expectation that Plaintiff would be paid by Defendant for the Products and the Products were not provided to Defendant gratuitously.

43. Based upon representations by Defendant that Defendant would pay for Plaintiff's Products, Plaintiff delivered the Products pursuant to the instructions by Defendant, conferring a benefit to Defendant by Plaintiff.

44. Plaintiff requested that Defendant provide payment for Products which Plaintiff shipped and delivered for the benefit of Defendant.

45. Defendant had actual knowledge of the benefit (delivery of Products) conferred by Plaintiff to Defendant.

46. Defendant retained the benefit (delivery of Products) conferred by Plaintiff under circumstances where it would be unjust to do so without providing Plaintiff the appropriate payment for the Products.

47. As a direct and proximate result of Defendant accepting the benefit of Plaintiff's delivery of Products without paying Plaintiff for the Products as promised, Defendant has been unjustly enriched and Plaintiff is entitled to collect from Defendant the value of the purchase price of the Products.

48. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff is entitled to damages in an amount of at least $1,575,000.75 plus interest, costs, and reasonable attorney fees for collection.

## COUNT FOUR - QUANTUM MERUIT/QUANTUM VALEBANT

49. Plaintiff incorporates the allegations contained above as if fully rewritten herein.

50. Plaintiff provided Products to Defendant.

51. The Products provided by Plaintiff to Defendant were with the knowledge and consent of Defendant.

52. The Products and services provided by Plaintiff to Defendant were under circumstances that make it reasonable for the Plaintiff to expect payment.

53. Plaintiff is entitled to the value of the Products provided by Plaintiff to Defendant.

54. Defendant owes Plaintiff the principal sum of $1,575,000.75 plus interest, costs, and reasonable attorney fees for collection, pursuant to the equitable doctrine of quantum meruit/quantum valebant.

## COUNT FIVE - CONVERSION

55. Plaintiff incorporates the allegations contained above as if fully rewritten herein.

56. By holding Plaintiff's Products and not providing payment for the ordered and shipped Products, Defendant has wrongfully converted Plaintiff's Products to its own.

57. Plaintiff has been damaged by Defendant for its wrongful conversion of $1,575,000.75.

58. Plaintiff is entitled to recover an amount to be determined at trial in an amount of at least $1,575,000.75 as a consequence of Defendant's wrongful conversion of the value of Plaintiff's Products delivered to Defendant and additional punitive damages, attorney fees, pre and post judgment interest, court costs, and such other and further relief, both legal and equitable, as the Court may deem just.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

### On Count One – Breach of Contract

1. Judgment against Defendant for compensatory damages in an amount of at least of $1,575,000.75 plus pre and post judgment interest, costs, and reasonable attorney fees.

2. Judgment against Defendant for such other and further relief as may be warranted.

## On Count Two – On Account

1. Judgment against Defendant for compensatory damages in an amount of at least

   $1,575,000.75 plus pre and post judgment interest, costs, and reasonable attorney fees.

2. Judgment against Defendant for such other and further relief as may be warranted.

## On Count Three – Unjust Enrichment

1. Judgment against Defendant for compensatory damages in an amount of at least

   $1,575,000.75 plus pre and post judgment interest, costs, and reasonable attorney fees.

2. Judgment against Defendant for such other and further relief as may be warranted.

## On Count Four – Quantum Meruit/Quantum Valebant

1. Judgment against Defendant for compensatory damages in an amount of at least

   $1,575,000.75 plus pre and post judgment interest, costs, and reasonable attorney fees.

2. Judgment against Defendant for such other and further relief as may be warranted.

## On Count Five – Conversion

1. Judgment against Defendant for compensatory damages in an amount of at least

   $1,575,000.75 plus punitive damages, pre and post judgment interest, costs, and

   reasonable attorney fees.

2. Judgment against Defendant for such other and further relief as may be warranted.

**TRIAL BY JURY ENDORSED HEREON**

Respectfully submitted,

*/s/ Jessica A. Barwell*
WESPBARWELL, L.L.C.
Jessica Barwell (0088716
Gregory Barwell (0070545)
Jud R. Mauger (0063375)

475 Metro Place South – Suite 430
Dublin, Ohio 43017
Ph: (614) 456-0488
Fax: (614) 456-0488
Email:  jbarwell@wesplaw.com
Email:  gbarwell@wespalw.com
Email:  jmauger@wespalw.com
Attorneys for Plaintiff