**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **CABATECH, LLC**, | **Case No. 1:22-cv-00059-MWM** |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER
AND COUNTERCLAIM**

Now comes Defendant NextLight, LLC ("Nextlight"), by and through counsel, and hereby moves the Court for leave to file its First Amended Answer and Counterclaim pursuant to Fed. R. Civ. P. 15(a)(2).

Upon review of documents recently provided by Nextlight as part of the investigation of this lawsuit, the undersigned counsel for Nextlight discovered new evidence requiring Nextlight's Answer and Counterclaim to be updated to reflect the same. Plaintiff CABATech, LLC ("Plaintiff" or "CabaTech") would not be prejudiced if leave to amend is granted, there is no undue delay given the early stage of this litigation and justice requires leave so that this matter may be fully decided on the merits.

1

A Memorandum in Support, proposed Amended Answer and Counterclaim, and proposed Order and Entry granting this Motion are attached for the Court's convenience and consideration.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (0063723)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Ave.
Cincinnati, OH 45208
(513) 533-2703
(513) 533-2999 – fax
pts@sspfirm.com
Counsel for Defendant

<u>MEMORANDUM IN SUPPORT</u>

I. **LAW AND ARGUMENT**

Under Fed R. Civ. P. 15(a)(2), ""a party may amend its pleadings only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Grounds to deny leave to amend include undue delay in filing, unfair prejudice to the opposing party, bad faith, and futility of amendment, but in the absence of such reasons, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 192 (1962). *See also, e.g., Seals v. Quarterly County Court*, 526 F.2d 216, 219 (6th Cir. 1975).

Specifically, Nextlight seeks leave to amend its Answer to include additional defenses, including without limitation, affirmative defenses related to setoff and a newly discovered five-year warranty for the defective lighting supplied by Plaintiff to Nextlight. Nextlight also seeks to amend its Counterclaim to include additional claims and allegations regarding the newly discovered five-year warranty.

Although leave to amend an answer is frequently given very late in proceedings, including during and after trial, the instant action is still at a very early stage. See Fed. R. Civ. P. 15(b); *see also, e.g., Seals v. GMC*, 546 F.3d 766, 770-71 (6th Cir. 2008). The Rule 26(f) report is not due until September 12, 2022 and the parties have not yet held their Rule

26(f) conference, discovery is in its earliest stages, and no scheduling order or trial date has been set by the Court. No motions or briefing related to Defendant's initial Answer and Counterclaim have been filed by either party yet. Accordingly, no undue delay or prejudice will occur should the Court grant leave to amend.

Moreover, justice requires leave to be granted. Nextlight is the defendant of the original action and granting leave would enable it to assert additional defenses and claims, which would ensure that the parties' claims are fully determined on the merits. No bad faith is present and amendment would not be futile.

## II. CONCLUSION

For the foregoing reasons, Defendant NextLight, LLC respectfully requests that this court grant leave to amend its Answer and Counterclaim.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (0063723)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Ave.
Cincinnati, OH 45208
(513) 533-2703
(513) 533-2999 – fax
pts@sspfirm.com
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF on August 12, 2022.

*/s/ Paul T. Saba*_____
Paul T. Saba (0063723)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CABATECH, LLC,

        Plaintiff,

        v.

NEXTLIGHT, LLC,

        Defendant.

Case No. 1:22-cv-00059-MWM

Honorable Matthew W. McFarland

---

**FIRST AMENDED ANSWER AND COUNTERCLAIM**

---

Now comes Defendant Nextlight, LLC ("Nextlight"), by and through counsel, and for its First Amended Answer and Counterclaim to the Plaintiff's Complaint, it hereby states as follows:

**<u>FIRST DEFENSE</u>**

1.      Nextlight denies the allegations in paragraph 1 of the Complaint for lack of knowledge.

2.      Nextlight admits the allegations in paragraph 2 of the Complaint.

3.      Nextlight admits the allegations in paragraph 3 of the Complaint.

4.      Nextlight admits the allegations in paragraph 4 of the Complaint.

5.      Nextlight admits the allegations in paragraph 5 of the Complaint.

6.      Nextlight admits the allegations in paragraph 6 of the Complaint.

7.       Nextlight admits the allegations in paragraph 7 of the Complaint.

8.       In response to paragraphs 8-24, Nextlight states that the invoices attached to the Complaint speak for themselves. Nextlight denies any remaining allegations in paragraphs 8-24.

9.       Nextlight denies the allegations in paragraph 25 of the Complaint for lack of knowledge.

10.      Nextlight admits the allegations in paragraph 26 of the Complaint.

11.      Nextlight denies the allegations in paragraph 27 of the Complaint.

12.      Paragraph 28 of the Complaint is an incomplete sentence, such that Nextlight cannot discern what Plaintiff is alleging. As such, Nextlight denies the allegations in paragraph 28. Further answering, however, Nextlight states that after paying Plaintiff $99,459.12 toward the amount due, Nextlight discovered that the light fixtures that Plaintiff had supplied were defective and failed. The light fixtures were covered under two express warranties against manufacturing defects, a ninety (90) day warranty ("90-Day Warranty") and an industry standard five (5) year warranty ("5-Year Warranty") (jointly, the "Warranties"), and Nextlight timely put Plaintiff on notice of the warranty claims, but Plaintiff failed and refused to honor the Warranties. As such, Nextlight was forced to expend a significant amount of money to attempt to fix the defective light fixtures supplied by Plaintiff. A true and accurate copy of the 90-Day Warranty is attached hereto and incorporated herein by reference as **Exhibit A**.  A true

and accurate copy of Plaintiff's website acknowledging the 5-Year Warranty is attached hereto and incorporated herein by reference as **Exhibit B**.

13.    Nextlight denies the allegations in paragraph 29 of the Complaint.

14.    In response to paragraph 30 of the Complaint, Nextlight restates each and every foregoing admission and denial as if fully rewritten herein.

15.    In response to the allegations in paragraphs 31 and 32 of the Complaint, Nextlight admits it entered into an agreement with Plaintiff whereby Plaintiff was obligated to supply Nextlight with certain products—working light fixtures. Further answering, however, Nextlight denies that Plaintiff did so. As stated above, the light fixtures that Plaintiff supplied were defective and failed, and despite the fact that they were covered by the Warranties, Plaintiff failed and refused to honor the Warranties. As such, Plaintiff breached the terms of that agreement and the Warranties.

16.    Nextlight expressly denies each and every allegation in the Complaint not specifically denied in the foregoing paragraphs and/or not specifically admitted herein.

**SECOND DEFENSE**

17.    The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

18.    Any damages sustained by Plaintiff, the existence of which Nextlight denies, were caused by Plaintiff's own breach of the contract, intentional acts, and/or negligence, for which Nextlight is not liable.

## FOURTH DEFENSE

19.     Any losses or damages sustained by Plaintiff, the existence of which Nextlight denies, were caused by the intervening and/or superseding acts of others, for which Nextlight is not liable.

## FIFTH DEFENSE

20.     Plaintiff assumed the risk of any and all losses and damages it allegedly sustained.

## SIXTH DEFENSE

21.     Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages, the existence of which Nextlight denies.

## SEVENTH DEFENSE

22.     Plaintiff is barred from pursuing its claims by the doctrine of unclean hands.

## EIGHTH DEFENSE

23.     The sole and proximate cause of the damages alleged in the Complaint, if any, which Nextlight continues to deny, were caused by Plaintiff.

## NINTH DEFENSE

24.     Plaintiff has failed to state a claim for attorney's fees.

**TENTH DEFENSE**

25.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, failure of consideration, laches, duress, estoppel, license, payment, release, statute of frauds, recoupment, setoff and waiver.

**ELEVENTH DEFENSE**

26.     Plaintiff's claims are barred, in whole or in part, by the express Warranties and/or implied warranties related to the defective light fixtures.

**TWELFTH DEFENSE**

27.     Nextlight hereby provides notice of its intent to rely on such additional affirmative defenses as are revealed during the course of discovery in this matter.

**COUNTERCLAIM**

Now comes Defendant/Counterclaimant Nextlight, LLC ("Defendant" or "Nextlight"), and for its Counterclaim against Plaintiff/Counterclaim-Defendant CABATech, LLC ("Plaintiff"), hereby states as follows:

1.     Nextlight entered into an agreement with Plaintiff, whereby Plaintiff agreed to supply Nextlight with light fixtures.

2.     The light fixtures were covered by express Warranties and/or implied warranties against manufacturing defects by Plaintiff.  See Exhibits A and B attached hereto.

3.     After paying Plaintiff $99,459.12 toward the amount due, Nextlight discovered that the light fixtures that Plaintiff had supplied were defective and when a

majority of them failed they inspected the other fixtures and discovered they were all defective and notified Plaintiff of the same.

4.      Nextlight timely put Plaintiff on notice of the fact that the light fixtures were defective and requested that Plaintiff to honor the Warranties but Plaintiff failed and refused.

5.      Plaintiff acknowledged Nextlight's Warranties request and acknowledged the defects but failed and refused to honor the Warranty and refund, repair, or replace the light fixtures. As such, Plaintiff breached the terms of the Warranties and the parties' agreement.

6.      As a result of Plaintiff's failure and refusal to honor the terms of the Warranties, Nextlight was forced to expend a significant amount of money the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 in an attempt to repair the light fixtures in order to maintain its customer base.

## COUNT ONE
### (Breach of Contract)

7.      Nextlight restates each and every allegation set forth above as if fully rewritten herein.

8.      The agreement, the mutual offers and acceptances, and the Warranties between Nextlight and Plaintiff constitute a binding and enforceable contract ("Contract"). All of the light fixtures that Nextlight purchased from Plaintiff are covered by Plaintiff's Warranties.

9.     Nextlight performed all of its obligations under the Contract and satisfied any conditions precedent.

10.     The light fixtures supplied by Plaintiff to Nextlight under the Contract were defective and failed to perform as warranted.

11.     Plaintiff has breached the Contract with Nextlight by supplying defective light fixtures and failing to honor the terms of the Warranties.

12.     As a result of Plaintiff's breach of the Contract, Nextlight has been damaged and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 and Nextlight respectfully demands a judgment in its favor and against Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT TWO
### (Breach of Express Warranty)

13.     Nextlight restates each and every allegation set forth above as if fully rewritten herein.

14.     The light fixtures purchased by Nextlight from Plaintiff were covered by the express Warranties.

15.     The light fixtures supplied by Plaintiff were defective and failed to perform as warranted.

16.     Nextlight timely provided Plaintiff with reasonable notice of defective light fixtures.

17.     As a result of the foregoing, Nextlight has been damaged and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 and Nextlight respectfully demands a judgment in its favor and against Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT THREE
### (Breach of Implied Warranty)

18.     Nextlight restates each and every allegation set forth above as if fully rewritten herein.

19.     The light fixtures purchased by Nextlight from Plaintiff were covered by the implied warranties of merchantability and of workmanship.

20.     The light fixtures supplied by Plaintiff were defective and failed to perform as warranted.

21.     Nextlight timely provided Plaintiff with reasonable notice of defective light fixtures.

22.     As a result of the foregoing, Nextlight has been damaged and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 and Nextlight respectfully demands a judgment in its favor and against Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT FOUR
### (Product Liability under O.R.C. 2307.71-80)

23.     Nextlight restates each and every allegation set forth above as if fully rewritten herein.

24.     Plaintiff is a "manufacturer" of goods and the light fixtures manufactured and supplied by Plaintiff are a "product", as defined under R.C. 2307.71(A).

25.     After Plaintiff delivered the light fixtures to Nextlight, it became clear that the fixtures were defective under R.C. 2307.74 and 2307.77 as they deviated in a material way from the design specifications, formula, performance standards of Plaintiff, and failed to perform like other identical units and did not conform to Plaintiff's representations.

26.     As a direct and proximate result of the defective products, Nextlight and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 in a precise amount to be proven at trial, plus punitive or exemplary damages, reasonable attorneys' fees, interest, and costs.

WHEREFORE, Nextlight prays for judgment and the following relief against Plaintiff:

A.     As to Count One, for breach of contract, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

B.      As to Count Two, for breach of express warranty, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

C.      As to Count Three, for breach of implied warranty, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

D.      As to Count Four, for Product Liability under O.R.C. 2307.71-80, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus punitive or exemplary damages, post judgment interest, attorney's fees, and court costs; and

E.      As to all parts of this pleading, judgment in favor of Nextlight for damages, interest, and an award of Nextlight's reasonable attorney fees, the costs of this action, and such further relief, at law or in equity, which this Court deems proper and just.

Respectfully submitted,

_/s/ Paul T. Saba_____
Paul T. Saba (0063723)
STAGNARO, SABA & PATTERSON, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel. (513) 533-2703
Fax (513) 533-2999
pts@sspfirm.com
**Attorney for Defendant**

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **FIRST AMENDED ANSWER AND COUNTERCLAIM** was served on all counsel of record via CM/ECF on August 12, 2022.

_/s/ Paul T. Saba_____

Paul T. Saba (0063723)



# Terms and Conditions of Sale

All quotations and sales by CABATech LLC, ("CABA") are subject to these terms and conditions; provided, however, that in the event that you, the customer, have a written contractual agreement with CABA regarding your purchase of CABA products, then the terms and conditions contained in that agreement (supplemented by the non–conflicting terms contained in these Terms and Conditions) shall govern the quotations and sales of products purchased from CABA.

1. Except as otherwise set forth on the front of a CABA invoice or acknowledgment, terms of payment are net 30 days from invoice date; prices are FOB CABA´s facility (as defined in the Uniform Commercial Code); and prices do not include any taxes, freight, handling, duty, tarrifs or other similar charges, payment of which will be the sole responsibility of customer. Prices are conditioned upon timely payment and any past due balance will accrue interest at the monthly rate of one and one–half percent. Freight charges may be constructed on the basis of standard carrier tariffs and may not reflect actual transportation costs. CABA reserves the right to modify terms prior to shipment, require payment in advance, or delay or cancel any shipment or order by reason of customer´s creditworthiness or should customer fail to fulfill any obligation when due. You may receive an e–mail or mechanized document from CABA describing your order details. That e–mail∕document legally suffices as your purchase order. It will also represent CABA´s confirmation of your order. CABA may revoke its acceptance of such purchase order for any reasonable reason, including your inability to provide CABA with adequate comfort that you (i) will comply with all relevant laws, such as export regulations, or (ii) are, in CABA´s sole discretion, credit worthy.

2. In the absence of prior agreement as to shipping, CABA may select a carrier. CABA´s responsibility for any loss or damage ends, and title passes, when products are delivered to the carrier, to customer, or to customer´s agent (including, without limitation, any test house or value added service provider), whichever occurs first. Customer will pay for storage charges if CABA holds products at customer´s request pending instructions or rescheduled delivery.

3. CABA warrants those products assembled or customized by it against defects caused solely by faulty assembly or customization for 90 days after delivery. All other products, and the components and materials utilized in any assembled or customized products, are covered by, and subject to, the terms, conditions, and limitations of the manufacturer´s standard warranty, which warranty is expressly in lieu of any other warranty, express or implied, of or by CABA or the manufacturer. Customer´s exclusive remedy, if any, under these warranties is limited, at CABA´s election, to any one of (a) refund of customer´s purchase price, (b) repair by CABA or the manufacturer of any products found to be defective, or (c) replacement of any such product. Customer acknowledges that except as specifically set forth or referenced in this paragraph, THERE ARE NO REPRESENTATIONS OR WARRANTIES OF ANY KIND (INCLUDING, WITHOUT LIMITATION, IN ADVERTISING MATERIALS, BROCHURES, OR OTHER DESCRIPTIVE LITERATURE) BY CABA OR ANY OTHER PERSON, EXPRESS OR IMPLIED, AS TO THE CONDITION OR PERFORMANCE OF ANY PRODUCTS, THEIR MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE. CABA ASSUMES NO



RESPONSIBILITY OR LIABILITY WHATSOEVER FOR MANUFACTURER'S PRODUCT SPECIFICATIONS OR THE PERFORMANCE OR ADEQUACY OF ANY DESIGN OR SPECIFICATION PROVIDED TO CABA BY OR ON BEHALF OF CUSTOMER. Use of the customer´s part number on any document or on any products is for convenience only and does not constitute any representation by CABA with respect to the performance, specifications, or fitness of any part for any purpose.

4. CABA retains a purchase money security interest in all products sold by CABA to customer, and in the proceeds of any resale of such products, until the purchase price and any other charges due to CABA have been paid in full. Upon any breach by customer of these terms and conditions, CABA will have all rights and remedies of a secured party under applicable law, which rights and remedies will be cumulative and not exclusive. Customer is responsible for all costs and expenses incurred by CABA in collecting any sums owing by customer (which may include, but are not limited to, collection agency and reasonable attorneys´ fees). CABA shall have the right to offset any sum owed by CABA to Customer against any sum owed by Customer to CABA. These Terms and Conditions are governed by and construed in accordance with the laws of the State of California (without regard to the conflicts of laws provisions thereof). Any suit, action or proceeding to enforce rights under these Terms and Conditions or any related Order Confirmation may be brought only in the United States District Court for the Central District of California or the Superior Court of the State of California for the County of Los Angeles. The parties irrevocably submit to the personal and subject matter jurisdiction of such courts with respect to any dispute relating to these Terms and Conditions and/or any related Order Confirmation, and the parties expressly waive their respective rights to have any such action tried by jury.

5. Products are deemed accepted by customer unless customer notifies CABA in writing within 10 days of delivery of product shortages, damage or defect. No returns may be made for any reason without a Return Authorization Form issued by CABA. If customer refuses to accept tender or delivery of any products or returns any products without authorization from CABA, such products will be held by CABA awaiting customer´s instruction for 20 days, after which CABA may deem the products abandoned and dispose of them as it sees fit, without crediting customer´s account.

6. CABA will not be liable for any failure or delay in its performance or in the delivery or shipment of products, or for any damages suffered by customer by reason of such failure or delay, when such failure or delay is caused by, or arises in connection with, any fire, flood, accident, riot, earthquake, severe weather, war, governmental interference or embargo, strike, shortage of labor, fuel, power, materials or supplies, delay in delivery by CABA´s suppliers or any other cause or causes beyond CABA´s reasonable control. CABA reserves the right to cancel without liability any order, the shipment of which is or may be delayed for more than 30 days by reason of any such cause. CABA reserves the right to allocate in its sole discretion among customers or potential customers, or defer or delay the shipment of, any product which is in short supply.

7. This document, and not any purchase order or other customer document (which, if construed to be an offer is hereby rejected), will be deemed an offer or counteroffer and is a rejection of any other terms or conditions. Customer, by accepting any products, making any payments or ordering any products having previously received



these terms and conditions, will be deemed to have assented to these terms and conditions, notwithstanding any terms contained in any prior or later communication from customer and whether or not CABA will specifically or expressly object to any of customer´s terms. CABA´s failure to object to any document, communication or act of customer will not be deemed a waiver of any of these terms and conditions. Any addition or change to these terms and conditions must be specifically agreed to in writing by a duly authorized officer of CABA before becoming binding on CABA.

8. Except for the warranty coverage referenced in paragraph 3, above, NEITHER CABA NOR ITS SUPPLIERS WILL HAVE ANY LIABILITY OR OBLIGATION TO CUSTOMER OR ANY OTHER PERSON FOR ANY CLAIM, LOSS, DAMAGE, OR EXPENSE CAUSED IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, BY THE INADEQUACY OF ANY PRODUCTS FOR ANY PURPOSE, BY ANY DEFICIENCY OR DEFECT IN ANY PRODUCT (WHETHER OR NOT COVERED BY ANY WARRANTY), BY THE USE OR PERFORMANCE OF ANY PRODUCTS OR BY ANY FAILURE OR DELAY IN CABA´S PERFORMANCE HEREUNDER, OR FOR ANY SPECIAL, DIRECT, INDIRECT, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY OR PUNITIVE DAMAGES, HOWEVER CAUSED, INCLUDING, WITHOUT LIMITATION, PERSONAL INJURY OR LOSS OF BUSINESS OR PROFIT, WHETHER OR NOT CUSTOMER WILL HAVE INFORMED CABA OF THE POSSIBILITY OR LIKELIHOOD OF ANY SUCH DAMAGES.

9. The performance of any value added service may void the manufacturer´s warranty and render products nonreturnable. Orders incorporating such services are, accordingly, non-cancelable and the products are nonreturnable. Any third party value added service provider is deemed to be an agent of customer.

10. Any software or other intellectual property included in or relating to products is supplied by its manufacturer or licensor. CABA makes no representation or warranty with respect thereto and will have no liability in connection therewith. Customer agrees to comply with all requirements with regard to proprietary and similar rights in and to any intellectual property (including any requirement to enter into a separate license agreement and prohibitions against duplicating or disclosing the same), even if CABA has broken the seal on any "shrink wrapped" software. If Customer provides CABA with any intellectual property, Customer warrants that it has all necessary legal rights to such property. Customer will indemnify CABA against and hold it harmless from any and all liability, cost or expense arising from a breach or purported breach of the requirements described in this section.

11. In order to defray the cost of customer account administration, any credit balance or other sum owed to customer which remains unclaimed by customer for a period of twelve months will become the property of CABA.

12. No order or Customer obligation may be cancelled, rescheduled, reconfigured, or assigned without CABA´s prior written authorization and, in such event, customer will be liable to CABA for any additional costs and expenses incurred by CABA. Prices are subject to change by CABA upon customer rescheduling or reconfiguration of orders.



Prices are also subject to change in response to supplier price increases or if a price has been quoted in error, whereupon, customer may cancel the undelivered portion of any affected order by delivering written notice to CABA prior to the shipment thereof and within 10 days of its receipt of notice of the price increase.

CABA TECH LLC





# FAQs

You have questions. We
have answers. If you
need any more
information, please let
us know

**CONTACT US**

How can you compete on price with China-
based manufacturers?                          ⊕

It sounds like you're really focused on custom
solutions. What if I just need a great price on
components?                                    ⊕

## Do you have any minimum quantity requirements?

⊕

## How do you protect our unique IP?

⊕

## What types of warranty do you offer?

All of our products are protected by a 5-year warranty against manufacturing defect.

## Do all of your products qualify as "Made in America"?

⊕

## How do we know you won't share our proprietary information with other clients?

⊕

## Are you able to source low-cost imports in addition to your custom manufacturing?

⊕

## Can I tour your facility?

⊕

If I have the idea and you help me develop it, who owns the IP? ⊕

Will you do design work for a fee? ⊕

You mention horticulture. Do your products work with marijuana as well as with food crops? ⊕

How are the Tariffs impacting your costs? ⊕

# Why CABA

The CABA team has been focused exclusively on LEDs for 30 years, so our industry and application know-how is unparalleled, but the most important reason to work with CABA is that we become an extension of your team. We'll earn your trust.

**LEARN MORE**

Copyright 2022 CABA Tech | All Rights Reserved | Privacy Policy

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **CABATECH, LLC**, | **Case No. 1:22-cv-00059-MWM** |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

---

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE
TO FILE AMENDED ANSWER AND COUNTERCLAIM**

---

This matter having come before the Court upon Defendant NextLight, LLC's ("Nextlight") Motion for Leave to File Amended Answer and Counterclaim, and the Court having reviewed the Motion and for good cause shown it is hereby ORDERED that the Motion is granted.

IT IS SO ORDERED.

_____
Judge McFarland