# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **CABATECH, LLC,** | : | Case No.: 1:22-CV-00059-MWM |
| | : | |
| Plaintiff, | : | Judge: Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| **NEXTLIGHT, LLC,** | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND

Plaintiff Cabatech, LLC ("Cabatech,") by and through counsel, hereby requests the Court to deny Defendant's Motion for Leave to Amend its Answer and Counterclaim pursuant to Fed. R. Civ. P. (a)(2).

Defendant's motion must be denied because Plaintiff will be prejudiced by Defendant's undue delay in this litigation caused by the filing of Defendant's Motion for Leave to Amend. Defendant presents no newly discovered evidence to support its motion for Leave to Amend because Defendant knew or should've known about the "Five-year" warranty which Defendant claims is the newly discovered evidence. The undue delay in resolving this litigation resulting from Defendant's motion causes Plaintiff to suffer injury each day. This undue delay results in significant prejudice to Plaintiff by significantly delaying resolution of Plaintiffs' claims. Thus, Defendant's motion must be denied.

A Memorandum in Support of this motion and a proposed Order and Entry denying Defendant's motion are attached for the Court's review.

Respectfully submitted,

*/s/ Jessica A. Barwell*
WESPBARWELL, L.L.C.
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
Jud R. Mauger (0063375)
475 Metro Place South, Suite 430
Dublin, Ohio 43017
Attorneys for Plaintiff

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

Defendant did not discuss nor request permission from Plaintiff to amend its answer and counterclaim prior to filing its Motion for Leave with this Court on August 12, 2022. One could only surmise that the reason for this hasty filing is that Defendant recently discovered its error in failing to plead its affirmative defenses regarding alleged setoff and warranty defenses.

Between December 2020 and July 2021, Defendant placed numerous orders of lighting products with Plaintiff for shipment to Defendant's warehouse in Ohio. Based upon the representation from Defendant that Defendant would abide by its agreement with Plaintiff in that Defendant would pay for the shipments, Plaintiff shipped the lighting products to Defendant. Defendant received $1,674,459.87 in lighting products from Plaintiff and only paid $99,459.12

toward the amount due to Plaintiff. Defendant owes Plaintiff $1,575,000.75. Plaintiff filed this action on January 31, 2022, and Defendant had until April 4, 2022, to file its Answer. Defendant filed its Answer and Counterclaim on April 22, 2022, and Plaintiff filed its Answer to Defendants Counterclaim on May 11, 2022.

Defendant claims there is newly discovered evidence regarding a five (5) year warranty offered by Plaintiff and therefore Defendant should have leave to file an amended answer and counterclaim. The fact is this is not "newly discovered" evidence but a failure by Defendant to properly plead and investigate its case at the onset. Defendant admits that the five-year warranty notification is on Plaintiff's website. See Exhibit A attached hereto. The fact is that Defendant failed to include warranty defenses in its Affirmative Defensives in its Answer to Plaintiff's Complaint and now seeks leave from this Court to correct its error.

It's possible that in finally preparing its response to Plaintiff's request for documents and interrogatories, Defendant discovered its error. On June 8, 2022, Plaintiff submitted its First Request for Interrogatories and Documents. On July 8, 2022, the date discovery was due, Defendant requested additional time to gather emails and Plaintiff provided a two-week extension to July 22, 2022[1]. On July 25, 2022, Plaintiff sent an email to Defendant's counsel inquiring as to the status of the discovery[2]. Defendant's Counsel did not respond to Plaintiff' Counsel's request to the status of the discovery. On August 12, 2022, Plaintiff's Counsel once again requested the

---

[1] Plaintiff's Counsel received an email from Counsel's paralegal, Elizabeth Kramer, on July 8, 2022, which stated in part: "Paul asked me to let you know that we are compiling NextLight's responses to CABATech's interrogatories and document requests, but our client is still gathering emails. As such, we need another 2 to 3 weeks to respond."

[2] Plaintiff's Counsel emailed Ms. Kramer on July 25, 2022, and stated: "On July 8, 2022 you requested an extension of 2 to 3 weeks and we agreed to an extension of 2 weeks to July 22, 2022. Can you let me know the progress of the discovery responses?"

discovery, and then Defendant filed its Motion for Leave. Defendant's Counsel ignored the August 12, 2022 request just as it did the request on July 25, 2022. As of the date of filing this Memorandum Contra to Defendant's Motion for Leave to file an Amended Answer and Counterclaim, Plaintiff has not received its requested discovery and Defendant has failed to answer any of the emails.

## II.  LAW AND ARGUMENT

Defendant's motion should be denied because it is a bad faith delay tactic seeking to prolong litigation while assets are collected to prevent them going to creditors. A party can amend its pleading with leave from the court, and the court should "freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A Court can deny leave to amend if it will cause undue prejudice to the opposing party by the moving party exhibiting undue delay, bad faith, or a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Thus, a party seeking leave to amend, "must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

Defendant's motion causes undue prejudice to Plaintiff because this dilatory action prevents Defendant's assets from being protected for potential creditors should Plaintiff prevail. All delay is not undue delay: "the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Security Ins. Co. of Hartford v. Tucker & Assoc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Undue delay causes prejudice when it significantly extends the resolution of the dispute. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Here, Defendant only supports its argument for granting the motion by pointing out that the motion comes early in litigation. In fact, Defendant has already ignored Discovery deadlines and repeated emails inquiring as to when the Discovery will be produced. Plaintiff can only opine that the purpose of the delay is to collect

4

as much of the outstanding accounts receivable before Defendant's creditors can have access to them. Defendant's motion significantly delays the resolution of this dispute with each passing day causing injury to Plaintiff, increasing costs, and expending the time of the Parties and the Court. Defendant's motion is all the more prejudicial to Plaintiff because it does not help the matter to be decided on the merits. Thus, undue prejudice to Plaintiff is significant if litigation delay tactics like this motion are allowed to succeed.

Defendant's motion is in bad faith because the information it seeks to include in the Amended Answer and Counterclaim is not newly discovered. An amendment should be denied if its purpose is to delay or prejudice the non-moving party. *Conrail v. Grand Trunk W. R.R. Co.*, 2012 U.S. Dist. LEXIS 203641 (quoting *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 328 (4th Cir .1988). The court has discretion to deny a Rule 15 motion for leave to amend when undue delay results from "…a failure to incorporate previously available evidence." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). The "newly discovered five-year warranty" has been clearly marked on Plaintiff's website from the very beginning of this matter. A simple two-minute search of the CABATech website and almost anyone can find the warranty information.  Defendant cannot assert that a failure of due diligence on its part should permit them Leave to Amend their Answer despite having the information since the inception of Defendant's claims. Defendant offers no reason beyond the stage of the litigation as to why this information could not have been included in their original pleadings and why delaying litigation to include this information justifies significant prejudice to Plaintiff. Thus, Defendant's motion must be denied.

For the reasons stated above Plaintiff respectfully requests this court to Deny Defendant's Motion for Leave to Amend its Answers and Counterclaims.  Plaintiff also requests this Court to grant fees and costs to Plaintiff for having to reply to this Motion.

        Respectfully submitted,

        */s/ Jessica A. Barwell*
        WESPBARWELL, L.L.C.
        Jessica A. Barwell (0088716)
        Gregory P. Barwell (0070545)
        Jud R. Mauger (0063375)
        475 Metro Place South, Suite 430
        Dublin, Ohio 43017
        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on August 22, 2022. a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

        */s/ Jessica A. Barwell*
        WESP BARWELL, LLC
        Jessica A. Barwell (0088716)