IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CABATECH, LLC**, | Case No. 1:22-cv-00059-MWM |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

Defendant NextLight, LLC's ("Nextlight") Motion for Leave to File First Amended Answer and Counterclaim ("Motion") should be granted pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff CABATech, LLC's ("Plaintiff") brief in opposition to Nextlight's Motion fails to demonstrate any actual delay or prejudice, relies on unsupported speculation, and is simply an attempt to stifle Nextlight from putting forth a full defense and counterclaims and to prevent this dispute from being fully litigated on the merits.

Plaintiff primarily argues that leave should be denied because it will "significantly" delay the resolution of this dispute and cause "undue prejudice". Critically, Plaintiff's delay argument fails in light of the fact that i) no scheduling order has been set by the Court nor has a trial date been set; and ii) the Civ. R. 26(f) conference has not yet even occurred. Indeed, should the Court grant leave, then the Plaintiff's

1

concern for any delay could easily be mitigated by taking action itself to file its answer to Nextlight's proposed amended counterclaim (attached to the Motion) in advance of the Civ. R. 26(f) conference scheduled on September 15th. In any case, Plaintiff simply fails to demonstrate that granting the Motion would actually delay any aspect of this litigation where no scheduling order or trial date have been set by the Court.

Even if Plaintiff could show any actual delay, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010). Indeed, leave to amend an answer is frequently given very late in proceedings, including during and after trial. *See* Fed. R. Civ. P. 15(b); *see also, e.g.*, *Seals v. GMC*, 546 F.3d 766, 770-71 (6th Cir. 2008). As such, no undue delay exists here.

No prejudice exists here either. Plaintiff generically argues that leave would be prejudicial "because it does not help the matter to be decided on the merits." Plaintiff does not provide any support for this conclusory assertion, and it is plainly incorrect. Indeed, Plaintiff is not prejudiced at all with respect to this litigation - it has ample notice and a full and fair opportunity to litigate and conduct discovery on the amended counterclaims and defenses as no scheduling order or discovery deadline have been set. Plaintiff would not be required to expend significant additional resources to conduct discovery and prepare for trial, nor does it even raise that argument. *See Phelps v. McClellan*, 30 F.3d 658, 662-3 (6th Cir. 1994) ("In determining what constitutes prejudice the court considers whether the assertion of the new claim or defense would: require the

opponent to expend significant additional resources to conduct discovery and prepare for trial[.]"). Nextlight's assertion of defenses and counterclaims related to the newly discovered five-year warranty, which was not previously alleged, also ensures a full and fair determination of this dispute on the merits. This is especially true here since Nextlight is the defendant in the original action.

Plaintiff argues that the information sought to be amended is not newly discovered because it was contained on Plaintiff's website "from the very beginning of this matter." However, the fact that information exists prior to a lawsuit does not preclude it from being newly discovered in the course of litigation by a party or its counsel. Even if that were the case, a court has discretion to deny leave due to a failure to incorporate previously available evidence <u>only</u> when an undue delay would also result. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (emphasis added). As is explained above, no actual delay exists and Plaintiff's argument therefore fails.

Plaintiff also takes the unsupported position that Nextlight must provide a reason as to why the warranty information could not have been included in its original pleadings, but as the Motion stated, this information was newly discovered by Nextlight and its counsel even if it did exist prior to the lawsuit.

Finally, the issues Plaintiff raises with respect to Nextlight not timely responding to its written discovery requests are not germane to the Motion or the Court granting leave to amend at all. These perceived issues are also substantively meritless – Civ. R.

3

26(d)(1) provides that a party may not seek discovery before the parties have conferred as required by Rule 26(f). The Rule 26(f) conference has not yet occurred, so Plaintiff's perceived discovery issues are illusory.

## II. CONCLUSION

For the foregoing reasons, justice requires that the Court grant Defendant NextLight, LLC leave to amend its Answer and Counterclaim.

Respectfully submitted,

/s/ Paul T. Saba
Paul T. Saba (0063723)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Ave.
Cincinnati, OH 45208
(513) 533-2703
(513) 533-2999 – fax
pts@sspfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF on August 25, 2022.

/s/ Paul T. Saba
Paul T. Saba (0063723)

4