IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CABATECH, LLC**, | Case No. 1:22-cv-00059-MWM |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISQUALIFY**

Now comes Defendant NextLight, LLC ("NextLight"), by and through counsel, and for its Answer and Counterclaim to the Plaintiff's Complaint, by and through counsel, and hereby moves this Court to disqualify Gregory Barwell ("Barwell") and his law firm WESPBARWELL, LLC from the continued representation of Plaintiff CABATech, LLC ("Plaintiff" or "CABATech") pursuant to Ohio Professional Conduct Rule 3.7(a).

Upon investigation of this matter, undersigned counsel for NextLight discovered that prior to the initiation of this lawsuit, Barwell, acting in his capacity as counsel for Plaintiff, engaged in direct contact with NextLight's representative relating to defective light fixtures sold and supplied by Plaintiff and was placed on notice of the defects and

1

NextLight's warranty claims regarding the same. These issues are contested, relevant, and material to both NextLight's counterclaims and defenses.

Barwell's communications with NextLight necessitate his testimony at trial in this case, thus disqualifying him pursuant to Prof. Cond. Rule 3.7 (Lawyer as Witness). As such, because Barwell cannot serve as both counsel and a necessary witness in this matter, he and his law firm must be disqualified.

Given Barwell's consequential status as a necessary witness, NextLight respectfully requests that he and his law firm be disqualified from further representation in this case. A Memorandum in Support and Affidavit of Nicholas Brumm are attached.

                    Respectfully submitted,

                    */s/ Paul T. Saba*
                    Paul T. Saba (0063723)
                    STAGNARO, SABA & PATTERSON CO., L.P.A.
                    2623 Erie Ave.
                    Cincinnati, OH 45208
                    (513) 533-2703
                    (513) 533-2999 – fax
                    pts@sspfirm.com
                    Attorneys for Defendant

**MEMORANDUM IN SUPPORT**

**I.  LAW AND ARGUMENT**

Under Ohio Prof. Cond. Rule 3.7(a)[1], "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" unless one or more exceptions apply. The exceptions to this rule are: the testimony relates to an uncontested issue; the testimony relates to the nature and value of legal services performed; and disqualification of the lawyer would work substantial hardship on the client. Prof. Cond. Rule 3.7 is intended to prevent the trial jury from learning about an attorney's dual role as an advocate and a witness. Daniels v. City of Wyoming, No. 15-cv-507, 2016 U.S. Dist. LEXIS 47241, 2016 WL 1384827, *1 (S.D. Ohio Apr. 27, 2016) (Dlott, J).

A trial court has the inherent authority to dismiss or disqualify an attorney from a case if the attorney "cannot, or will not, comply with the Code of Professional Responsibility when representing a client." Williamson v. Recovery Ltd. Partnership, No. 2:06-cv-292, 2011 U.S. Dist. LEXIS 66801, 2011 WL 2491614, *1 (S.D. Ohio June 22, 2011) (Sargus, J.) (quoting Mentor Lagoons, Inc. v. Rubin, 31 Ohio St. 3d 256, 31 Ohio B. 459, 510 N.E.2d 379, 382 (Ohio 1987)). Ohio courts generally hold that when one lawyer is disqualified because he will testify as a witness, his law firm must also be disqualified. See Omnicare, Inc. v. Provider Servs., Inc., 2006 U.S. Dist. LEXIS 6497, 2006 WL 414061, *3-4 (N. D. Ohio Feb. 21, 2006) (citing Reed Elsevier, Inc. v. THELAW.net

---

[1] Ohio Prof. Cond. Rule 3.7(a) is identical to the American Bar Association Model Rule of Prof. Cond. 3.7(a).

3

Corp., 197 F. Supp. 2d 1025, 1027 (S.D. Ohio 2002) (citing Universal Athletic Sales Co. v. Am. Gym, Rec. & Athletic Equip. Corp., Inc., 546 F.2d 530, 538 (3d Cir. 1986))); Estate of Andrews v. United States, 804 F. Supp. 820, 830 (E.D. Va. 1992); Mason & Dixon Lines, Inc. v. Glover, 1989 U.S. Dist. LEXIS 12693, 1989 WL 135219 (N.D. Ill. Oct. 26, 1989)).

An attorney is a necessary witness under Ohio law if their "testimony is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." 2011 U.S. Dist. LEXIS 66801, [WL] at *2 (quoting Brown v. Spectrum Networks, Inc., 180 Ohio App. 3d 99, 2008- Ohio 6687, 904 N.E.2d 576, 580 (Ohio Ct. App. 2008)).

Here, Barwell's testimony is necessary with respect to contested issues in this case. First, he will need to testify as to the direct discussions and communications he had with NextLight's representative in which it placed Plaintiff, through Barwell acting in his capacity as its attorney, on notice of the defective light fixtures and its warranty claims regarding the same. See Affidavit of Nicholas Brumm attached hereto and incorporated by reference herein as **Exhibit 1**. True and accurate copies of the communications between NextLight's representative and Barwell are attached the Brumm Affidavit as Exhibit A.

NextLight has asserted defenses to Plaintiff's claims alleging that Plaintiff supplied defective light fixtures and alleging that NextLight put Plaintiff on notice of the warranty claims and defective lights. See NextLight's Answer at ¶¶ 12, 15, 18-23;

4

Proposed Amended Answer at ¶¶ 12, 15, 18-26.[2] NextLight has also asserted counterclaims alleging that Plaintiff breached the warranties relating to the defective light fixtures supplied. See NextLight's Counterclaim at ¶¶ 8-11; see generally Proposed Amended Counterclaim. Plaintiff generally denied the allegations in NextLight's Counterclaim, including, without limitation, its specific denial of NextLight's allegation that it "put Plaintiff on notice of the fact that the light fixtures were defective and requested that Plaintiff to (sic) honor the Warranty" and "Plaintiff . . . refused to honor the Warranty and service the light fixtures" causing a breach of contract. See NextLight's Counterclaim at ¶¶ 4-5; Plaintiff's Answer to Counterclaim at ¶¶ 4-5. Plaintiff also denied that it breached its "[w]arranty with NextLight by failing to honor the terms of the Warranty." Plaintiff's Answer to Counterclaim at ¶ 10. Plaintiff is anticipated to continue to deny these allegations in NextLight's Proposed Amended Counterclaim should the Court grant leave.

It is clear from these pleadings that the issues regarding the defective light fixtures, warranty claims, and notice of the same to Plaintiff, through Barwell acting in his capacity as its attorney, is contested, relevant, and material to proving both NextLight's counterclaims and defenses. Indeed, notice is an essential element of NextLight's warranty counterclaims. Barwell's testimony is relevant and material to a determination

---

[2] NextLight has also filed a Motion for Leave to File Amended Answer and Counterclaim, which is still pending, but its defenses and claims are also implicated in the proposed First Amended Answer and Counterclaim that are attached to the motion.

5

of the notice issue since NextLight directly provided notice to Barwell acting in his capacity as attorney for Plaintiff.

Further, NextLight would be prejudiced if it is unable to call Barwell as a witness because it is clear here that i) the communications through which NextLight provided notice only included NextLight's representative and Barwell and such testimony would be unobtainable elsewhere; and ii) Barwell's testimony would contradict Plaintiff's denial that it was put on notice of NextLight's claims, which is essential to establishing NextLight's warranty counterclaims and its defense of Plaintiff's claims.

None of the exceptions contained in Prof. Cond. R. 3.7(a) are applicable. The necessary testimony relates to a contested issue as demonstrated above. The testimony does not relate to the nature and value of legal services, but to placing Plaintiff on notice of the defective light fixtures and NextLight's warranty claims.

Finally, no substantial hardship will result from Barwell and his law firm's disqualification in this case. The Court has not yet set a trial date nor issued a scheduling order. NextLight has a pending motion for leave to amend its answer and counterclaim, so should the Court grant leave the pleadings would not yet be closed. Beyond the pleadings, the parties have not yet commenced any significant discovery and the Civ. R. 26(f) conference has not yet occurred. Further, neither counsel's familiarity with the case nor the added expense imposed by the need to retain new counsel qualifies as a substantial hardship under Rule 3.7(a)(3). *See 155 N High, Ltd. v. Cincinnati Ins. Co.*, 72

Ohio St. 3d 423, 1995- Ohio 85, 650 N.E.2d 869, 874 (Ohio 1995); *Rock v. Sanislo*, No. 09CA0031-M, 2009-Ohio-6913, 2009 WL 5154889, *4 (Ohio App. 9th Dist.)).

## II. CONCLUSION

For the foregoing reasons, Defendant NextLight, LLC respectfully requests that this court disqualify Gregory Barwell and his law firm, WESPBARWELL, LLC, from the continued representation of Plaintiff CABATech, LLC.

    Respectfully submitted,

    */s/ Paul T. Saba*
    Paul T. Saba (0063723)
    STAGNARO, SABA & PATTERSON CO., L.P.A.
    2623 Erie Ave.
    Cincinnati, OH 45208
    (513) 533-2703
    (513) 533-2999 – fax
    pts@sspfirm.com
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF on August 25, 2022.

                                                */s/ Paul T. Saba*
                                                Paul T. Saba (0063723)