**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CABATECH, LLC,** | : | **Case No.: 1:22-CV-00059-MWM** |
| | : | |
| **Plaintiff,** | : | **Judge: Matthew W. McFarland** |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **NEXTLIGHT, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER**

---

NOW COMES Plaintiff CABATech, LLC ("CABATech" or "Movant" or "Plaintiff")) by and through counsel, and herein moves this Court for the immediate appointment of a Receiver for the business operations and assets of Defendant NextLight, LLC ("NextLight" or "Defendant")) pursuant to Fed. Rule Civ. P. 66. Movant respectfully requests this Court to appoint a Receiver and authorize the Receiver, subject to approval of this Court to (i) immediately take possession of all assets including, but not limited to, bank accounts, light units (finished and unfinished), molds, tools, intellectual property, leases, accounts receivable, and any other assets of any nature or type under the direct or indirect control of the Defendant or any of their affiliates or related entities, (ii) collect and compromise any accounts receivable, market and sell assets, and other contract rights related to NextLight; (iii) take any action necessary to preserve NextLight and related business and pay all appropriate financial obligations; and (iv) continue the pending litigation, CABATech*,

*LLC v. NextLight, LLC* Case No. **1:22-CV-00059**, in the name of NextLight with authority to investigate, settle and compromise all claims asserted by and against NextLight.

The basis of this Motion is that NextLight is insolvent and has been grossly mismanaged. The remaining assets of NextLight and assets belonging to others including CABATech are in grave danger of being dissipated, stolen, or otherwise placed beyond the reach of the Plaintiff and other creditors of NextLight without the immediate appointment of a receiver. The sole member owner of Defendant, Nick Brumm, has admitted in an email that NextLight has closed its doors, has no inventory, terminated its lease, and has no employees.  The creditors of NextLight are most likely not being paid.  Movant incorporates the following Memorandum in Support.

Respectfully submitted,

*/s/ Jud R. Mauger*
WESPBARWELL, L.L.C.
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
Jud R. Mauger (0063375)
475 Metro Place South, Suite 430
Dublin, Ohio 43017
Ph & Fax: 614-456-0488
jbarwell@wesplaw.com
gbarwell@wesplaw.com
jmauger@wesplaw.com
Attorneys for Plaintiff

## MEMORANDUM IN SUPPORT

## I. **INTRODUCTION**

Plaintiff is a manufacturer of LED fixtures, PCB assembly, drivers, enclosures, and optics for the lighting industry with its principal place of business in Encino, California. Defendant is a retailer of LED fixtures with an office in Batavia, Ohio.

Between December 2020 and July 2021, Defendant placed orders for thousands of lighting products (Light Units) with Plaintiff for shipment to Defendant's warehouse in Ohio. Based upon the representation from Defendant that Defendant would abide by its agreement with Plaintiff in that Defendant would pay for the shipments, Plaintiff shipped the lighting products to Defendant. Defendant received $1,674,459.87 in lighting products from Plaintiff and only paid $99,459.12 toward the amount due to Plaintiff. Defendant owes Plaintiff $1,575,000.75. Defendant sold the Light Units and mismanaged the funds it received from the sale. Upon information and belief, after Defendant placed the orders with Plaintiff, Defendant contracted with another manufacturer for lighting products, received and then sold those products. It is the belief of Plaintiff that Defendant failed to pay the second manufacturer and mismanaged the funds it received from this second sale. In an attempt to salvage an income, Mr. Brumm, telephoned the CEO of Plaintiff's parent company, Jeffrey Katz, to present a business proposition. In a follow up email summarizing the phone call, Mr. Brumm stated to Mr. Katz "As I told each of you I no longer have any inventory, employees, or a building and I am quickly moving towards a future that will have nothing to do with the lighting market. Time is short and I would like to start the conversation now." Attached hereto as Exhibit A is the email from Mr. Brumm to Mr. Katz. By Mr. Brumm's own admission, NextLight is defunct and any remaining assets must be protected from future waste by Mr. Brumm. The "emergency" of this request is Mr. Brumm's statement that "time is short" and "I am quickly moving towards a future that will have nothing to do with the lighting market."

## II.     LAW AND ARGUMENT

This Court should grant Plaintiff's Motion for Appointment of a Receiver in this matter because there is an unreasonably high risk for loss of assets during the pendency of this litigation, and there is no harm to Defendant if this Motion is granted. A district court has broad discretionary powers to appoint a receiver over disputed assets in litigation before the court. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). A receiver can be appointed if it appears that appointment is necessary to save the property from irreparable injury or threaten loss or destruction. *Macon Lumber Co. v. Bishop & Collins*, 229 F.2d 305, 307 (6th Cir. 1956). When considering whether to appoint a receiver, the court considers the following factors: validity of the claim by the party seeking appointment; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be concealed, lost or its value diminished; inadequacy of legal remedies; lack of less drastic equitable remedy; and the likelihood that appointment will do more good than harm. *De Boer Structures (USA), Inc. v. Shaffer Tent & Awning Co*., 187 F. Supp.2d 910, 925 (S.D. Ohio 2001).

### A.     Imminent danger that Assets will be lost or its value diminished

By Mr. Brumm's own admission, Defendant is virtually out of business and "time is short". As demonstrated, although a receivership may be appointed based upon any one factor, Plaintiff is entitled to have a receiver appointed to protect the remaining assets of NextLight, LLC pending the resolution of this matter for each of the following reasons.

### B.     Likelihood of success on the Merits

Plaintiff maintains a high likelihood of success on its claim for breach of contract against the Defendant. Between December 2020 and July 2021, Defendant ordered and had shipped to its warehouse sixteen orders of Lighting Units from Plaintiff. The total amount invoiced by Plaintiff

to Defendant on those shipments was $1,674,459.87 and Defendant only paid $99,459.12 toward the amount due. Defendant does not deny receiving the shipments of Lighting Units from Plaintiff nor does Defendant deny that the invoices are accurate. Defendant only claims that some of the Lighting Units were defective and covered under Plaintiff's warranty. Assuming Defendant is successful on a breach of warranty, Defendant is still obligated to pay for the product it ordered and would then be eligible for a set-off. Plaintiff maintains a very high likelihood of success on its breach of contract claim.

      C.      **CABATECH has no adequate remedy to preserve the remaining assets of NextLight.**

When Plaintiff prevails against Defendant on the issue of breach of contract, Defendant will be ordered to pay Plaintiff for the outstanding invoices. Even if Defendant is successful and is entitled to a set-off for its breach of warranty claim, Defendant will owe monies to Plaintiff. Unless a receiver is appointed to supervise and protect the remaining assets of Defendant during this litigation, Plaintiff will not be able to recoup any current losses or award at the conclusion of this matter. It appears that the Defendant is planning to be out of business in the near future and a receiver is needed to protect what's left.

      D.      **The harm to CABATECH far outweighs the harm to NextLight if Receivership is denied.**

For reasons discussed above, any potential harm to NextLight is minimal since the owner is planning to go out of business very soon. NextLight owes Plaintiff over $1.5 million and will owe Plaintiff at least something at the conclusion of this litigation. NextLight has no employees, no office building, and no inventory. Thus, the harm to NextLight is non-existent. There are no orders to fill because Defendant has no inventory. There is no payroll to complete because there

are no employees. There is no lease or utilities to be concerned of because Defendant admitted that it got out of the lease.

However, the harm to Plaintiff is very evident. If Defendant continues to operate, it must only be collecting revenue from accounts receivable. This is a detriment to Plaintiff and all other creditors of Defendant.

E.    **This Court is empowered to Appoint a Receiver**

A Court may appoint a receiver "upon a demonstration of gross mismanagement or mismanagement of the assets of a corporation to the detriment of the shareholders, as well as to preserve the assets of a corporation pending litigation." Granada Investments, Inc. v. DWG Corp., 823 F. Supp. 448, 460 (N.D. Ohio 1993) (emphasis added), citing See Phoenix Portland Cement Co. v. Shadrach, 18 Ohio App. 264 (Franklin County 1924) (preferred non-voting stockholders of a subsidiary corporation were entitled to have a receiver appointed when reasonably necessary to protect the interests of such stockholders, although the corporation is solvent as to creditors); National Salt Co. v. United Salt Co., 11 Ohio Dec. 348 (Cuyahoga Common Pleas 1901) (receiver may be appointed for a corporation to preserve assets pending litigation); Birch v. Stacey, 29 Ohio N.P. (N.S.) 1 (Hamilton Common Pleas 1931) (appointment of a receiver appropriate where one corporation controls Case: 1:17-cv-02688-CAB Doc #: 15 Filed: 04/04/18 15 of 18. PageID #: 377 16 another and is alleged to be using its control in its own interest).

This Court has the power to appoint a receiver to operate the entire business operations of the Defendant. However, this Court may opt for a different option and allow the Defendant to "continue to operate their business in the ordinary course of subject to the Receiver's authority and direction." BMO Harris Bank, N.A. v. Gibson Grain & Supply, LLC, 2015 WL 5123857, *2 (S.D. Ind., Sept. 1, 2015). The oversight of Defendant's operations is necessary whether its for

the entire operation or subject to the supervision of the Receiver.  This way Defendant's remaining assets are preserved for its creditors.

### III.    <u>CONCLUSION</u>

Plaintiff's Emergency Motion for Appointment of Receiver should be granted to prevent loss of assets that can better be protected by a receiver. There is little to minimal harm to Defendant because by the admission of Mr. Brumm, the Defendant has no current inventory, employees, or a place to hold its business. A receiver is needed to locate the remaining assets of this business, presumably the outstanding accounts receivables, that should be preserved for its creditors.  Defendant admits that "time is short" and that Mr. Brumm is "moving towards a future that will have nothing to do with the lighting market."

Defendant is in a very precarious position which could lead it to negotiate with vendors on their outstanding debts to its shuttered business. A receiver will be able to preserve those remaining assets during the pendency of this litigation so as to protect creditors of Defendant. Thus, the good accomplishment by appointment of a receiver far outweighs the non-existent harm to Defendant's defunct business.

Respectfully submitted,

_/s/ Jud R. Mauger_
WESPBARWELL, L.L.C.
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
Jud R. Mauger (0063375)
475 Metro Place South, Suite 430
Dublin, Ohio 43017
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 30, 2022. a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*/s/ Jud R. Mauger*
WESP BARWELL, LLC
Jud R. Mauger (0063375)
