**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CABATECH, LLC,** | : | **Case No.: 1:22-CV-00059-MWM** |
| | : | |
| **Plaintiff,** | : | **Judge: Matthew W. McFarland** |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **NEXTLIGHT, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY**

---

Now comes Plaintiff CABATech, LLC ("CABATech" or "Plaintiff"), by and through counsel, and hereby responds to Defendant NextLight's ("NextLight" or "Defendant") Motion to Disqualify counsel Gregory Barwell ("Barwell") and the law firm Wesp Barwell, LLC ("Wesp Barwell") from continued representation of Plaintiff.

Plaintiff's counsel, Gregory Barwell, should not be disqualified from continued representation of Plaintiff because he is not a necessary witness, has no relevant, non-privileged information about which to testify in this proceeding, and the Ohio Rules of Professional conduct strongly protects parties' right of choice of counsel. Federal Rule of Evidence 408 prevents Barwell from discussing the content of any conversations during settlement negotiations. CABATech respectfully requests the Court deny NextLight's Motion to Disqualify Gregory Barwell and the law firm of Wesp Barwell.

1

Gregory Barwell and the law firm of Wesp Barwell should not be disqualified as Plaintiff's counsel because it would constitute a substantial hardship to Plaintiff. Barwell's testimony does not concern a material issue in the case and the conversation in question was with NextLight in the context of a settlement negotiation. The Federal Rules of Evidence and Ohio Rules of Professional Conduct prevent Barwell from being called as a witness to the events in Defendant's Affidavit. This case began with Plaintiff asking this Court for relief after Defendant did not pay for goods delivered. Defendant counterclaimed with warranty claims.

Defendant's Motion to Disqualify relies on mere assertions in its affidavit without providing sufficient detail to enable a fair assessment of the Motion to Disqualify. "There is no question that an attorney can be disqualified for the violation of a disciplinary rule forbidding him/her to be a witness in a case that he/she is also acting as counsel." *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704 (6th Cir. 1982). A decision to disqualify an attorney, however, can only be made after a hearing or upon detailed written submissions. *Id*. at 710. Some factual inquiry must be conducted in a manner that will allow effective appellate review. *Id*. Defendant's Motion to Disqualify rests solely on the accusations of the Defendant, the party with the most interest in delaying the resolution of this litigation.

A motion to disqualify an attorney involves the "competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Township*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (citing *Kitchen v. Aristech Chem*., 769 F. Supp. 254, 257 (S.D. Ohio 1991)). "The party seeking disqualification of counsel must identify articulable facts demonstrating a conflict or any legitimate basis for disqualification." *Mitchell v. Columbus Urb. League*, No. 2:18-CV-747, 2019 U.S. Dist. LEXIS 166331, 2019 WL 4727378, at *2 (S.D. Ohio Sept. 27, 2019) (citing *Prado v. Mazeika*, No.

2

3:16-CV-320, 2016 U.S. Dist. LEXIS 163501, 2016 WL 6947943, at *1 (S.D. Ohio Nov. 28, 2016)). In the case sub judice, Defendant cannot point to any articulable facts that demonstrate any conflict of interest between Barwell and NextLight. Defendant's Motion to Disqualify only relies upon the unverified claims of Mr. Nicholas Brumm ("Brumm") in an affidavit, not a deposition. Brumm has a personal interest in delaying this litigation because he will benefit from each day a resolution is prevented in order to, presumably, frustrate creditors of his company, Defendant Nextlight, LLC. Thus, Defendant's Motion must be denied.

Defendant misconstrues the law and misapplies the facts in its Motion to Disqualify. To prevail on a motion to disqualify under Rule 3.7(a) of the Ohio Rules of Professional Conduct, the movant must demonstrate "the necessity of the testimony" and show "a substantial likelihood of prejudice" if the advocate-witness were to be allowed to serve as counsel at trial. *Mitchell v. Columbus Urb. League*, 2019 U.S. Dist., at *2 (citing *United States v. Poulsen*, No. 2:06-cr-129, 2006 U.S. Dist. LEXIS 68214, 2006 WL 2619852, at *8 (S.D. Ohio Sept. 12, 2006) (emphasis omitted)). "Necessity is determined by consideration of factors such as the significance of the matters, the weight of the testimony, and the availability of other evidence." *Id.* (internal quotation marks omitted). "Prejudice, on the other hand, requires that the testimony be sufficiently adverse to the factual assertions or accounts of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." Id. (internal quotation marks omitted).

Defendant's Motion to Disqualify is another delay tactic to prevent the resolution of this litigation so Defendant can presumably prevent creditors from being made whole. "Motions for attorney disqualification 'should be viewed with extreme caution for they can be misused as a technique of harassment.'" *Panduit Corp. v. All States Plastic Mfg. Co*., 744 F.2d 1564, 1577,

223 U.S.P.Q. (BNA) 465 (Fed. Cir. 1984) (quoting *Freeman v. Chicago Musical Instrument Co*., 689 F.2d 715, 721 (7th Cir. 1982)). When viewed in context with the other pending motions and the presumed precarious position of Defendant, both financially and legally, this motion must be considered another dilatory move by Defendant to prolong the litigation to presumably collect on the remaining balances owed to Defendant by third parties.

Defendant's Motion to Disqualify relies on mere assertions in an affidavit without providing sufficient detail to enable a fair assessment of the need for Barwell to be called as a witness. As Defendant's counsel has repeatedly mentioned in motions, no depositions have taken place in this litigation without which the Court has no details other than the assertions of Defendant to decide this motion. Defendant's Motion is also not ripe because there is an Emergency Motion for Receivership in this case for consideration by the Court filed on August 30, 2022. Thus, Defendant's Motion must be denied.

Defendant's Motion relies on Rule 3.7 of the Ohio Rules for Professional Conduct which state that a lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work a substantial hardship on the client. Necessity is determined by consideration of factors such as the significance of the matters, the weight of the testimony, and the availability of other evidence. *Bonds v. Berne Union Local Schs*., 2022 U.S. Dist. LEXIS 79510, 2022 WL 1305325.

Barwell is counsel for Plaintiff, not head of warranty claims for Plaintiff. Defendant cannot put Plaintiff on notice of warranty claims by only discussing the issue with Barwell during settlement negotiations. Barwell's testimony of his dealings with Brumm is not relevant

4

or significant to this case because as these were Rule 408 discussions and any testimony by Brumm will be dealt with in potential future motions.

Barwell is not a material witness to any contested issues in this case. Barwell only ever represented Plaintiff in his capacity as a legal counsel, not at any time relating to the business warranty operations of Plaintiff. Barwell had no substantial involvement in any aspect of this case outside of his legal services provided to Plaintiff and subject to attorney-client privilege. Any dealings with third parties such as Brumm were in Barwell's capacity as a legal counsel, not as an agent of the business operations of Plaintiff and only tangentially related to this case. Thus, Defendant's Motion fails on the first and second elements. Barwell has no material testimony to provide that is not protected by Rule 408 evidentiary protections or attorney-client privilege. Therefore, any discussions between Barwell and Brumm are protected by the Federal Rules of Evidence discussed in further detail below.

Barwell's testimony regarding "direct discussions and communications" with NextLight are not significant to the case, will not weigh heavily, and are protected by attorney-client privilege because what Barwell discussed with his client cannot be divulged without violation of his duty of confidentiality to his client. Barwell cannot testify to what he counseled his client about regarding the nature or content of his conversations with Brumm. Additionally, Barwell's testimony is not material to the case because the evidence is obtainable elsewhere.

Further, Barwell's discussions with Brumm are not admissible under Rule 408 of the Federal Rules of Evidence because the conversations pertained to settling or attempting to settle a legal dispute – the unpaid invoices. Public policy favors secret negotiations of settlement negotiations to encourage frank and open discussion to settle claims, incorporated in Rule 408 of the Federal Rules of Evidence. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332

F.3d 976, 2003 U.S. App. LEXIS 11790, 2003 FED App. 0197P (6th Cir.), 61 Fed. R. Evid. Serv. (Callaghan) 949, 55 Fed. R. Serv. 3d (Callaghan) 1104. The law does not differentiate between what was said during negotiations and any ultimate compromise, both are inadmissible. Thus, Barwell cannot be disqualified as counsel because he cannot testify as a witness about the events referenced by Defendant's Motion to Disqualify.

Defendant's concern regarding prejudicial testimony only materializes if Barwell is forced to testify. Defendant's argument is nonsensical. Defendant states that it would be prejudiced if Barwell does not testify but if Barwell does testify his testimony would contradict the notice defense. This argument does not make any sense. How does Defendant know what Barwell will testify to as to notice? It doesn't. If Barwell does not testify and only Brumm testifies as to notice, this helps Defendant. Defendant is not prejudiced at all.

<u>Disqualification of Law Firm</u>

The law firm of Wesp Barwell, LLC need not be disqualified if the Court finds that Barwell should testify because Barwell can be easily screened from participation in the litigation of this case. The disqualification of Barwell, including the disqualification of Wesp Barwell, LLC would constitute a substantial hardship for the Plaintiff. The factors to analyze whether there is substantial hardship for Disqualification include the costs to hire new counsel, loss of knowledge and familiarity with the litigation, and of paramount concern, client's preference of counsel. *General Mill Supply*, at 708. Barwell has provided counsel to CABATech and its parent company for over fifteen years and his knowledge and familiarity with the litigation as lead counsel would significantly harm Plaintiff's case if forced to replace him, even with another lawyer at the firm.

The costs to hire a new firm would be high because Plaintiff would have to start over again with new counsel or a new firm, increasing costs to pay for the same legal work twice in addition to delaying the resolution of the case greatly. The cost to Plaintiff significantly outweighs the need for Barwell's testimony in this case, outweighed still by client's preference for Barwell and his firm to represent it. The law does not allow for imputed disqualification in this matter. A lawyer from Wesp Barwell LLC can represent Plaintiff in this matter even if Barwell is determined to be a necessary witness.  No conflict of interest exists. Thus, the motion should be denied because it would cause a substantial hardship to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion to Disqualify Gregory Barwell and Wesp Barwell, LLC from continued representation of Plaintiff.

Respectfully submitted,

*/s/ Jud R Mauger*
WESPBARWELL, L.L.C.
Jud R. Mauger (0063375)
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
475 Metro Place South, Suite 430
Dublin, Ohio 43017
Ph & Fax: 614-456-0488
jbarwell@wesplaw.com
gbarwell@wesplaw.com
jmauger@wesplaw.com
Attorneys for Plaintiff

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all counsel of record via CM/ECF on September 8th, 2022.

Respectfully submitted,

*/s/ Jud R Mauger*
WESPBARWELL, L.L.C.
Jud R. Mauger (0063375)