IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CABATECH, LLC**, | Case No. 1:22-cv-00059-MWM |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER**

Plaintiff/Counterclaim-Defendant CABATech, LLC's ("Plaintiff" or "CABATech") Emergency Motion for Appointment of Receiver ("Motion") should be denied because it is really a disguised request for a pre-judgment attachment. Plaintiff fails to satisfy any of the elements for the appointment of a receiver and for that matter fails to satisfy any of the elements for a prejudgment attachment. Since no emergency exists, Plaintiff does not even attempt to articulate any alleged emergency or the need for a pre-judgment receiver being appointed. Indeed, Plaintiff's request for the immediate appointment of a receiver over all of Defendant/Counterclaimant NextLight, LLC's ("NextLight") business operations, and assets at this stage is contrary to law and far exceeds the bounds of equity and reasonableness.  It is important to note that since

1

Plaintiff has significant exposure and liability on NextLight's Counterclaim, instead of reconciling with their liability, Plaintiff is trying to escape the inevitable by asking for a receiver that CABATech would be paying and control, to "continue the pending litigation, *CABATech, LLC v. NextLight, LLC* Case No. 1:22-CV-00059 in the name of NextLight with authority to investigate, settle and compromise all claims by and against NextLight."  See Doc #18, P2, Plaintiff's Motion for Receiver.

Plaintiff lacks any recognizable basis for the appointment of pre-judgment receiver. Since Plaintiff is not a creditor but at best, an alleged creditor, without a judgment or any legal or equitable interest in the assets of NextLight, Plaintiff is precluded from having a receiver appointed. Plaintiff's status is fatal to its Motion and the extreme relief sought based upon this Court's decision in *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 2020 WL 13460831 (S.D. Ohio 2020).

In *Compound Prop. Mgmt.* this Court denied a similar emergency motion for appointment of a receiver holding that **"**in cases in which a party is seeking a receiver to preserve assets to satisfy a judgment, like here, <u>the party seeking such relief must first obtain a judgment against the defendant before seeking the appointment of a receiver</u>." *Compound Prop. Mgmt.* at *8, citing *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999).  In so ruling, this Court also held that, contrary to Plaintiff's arguments, its broad equitable powers are

2

constrained by *Grupo Mexicano*. *Id.* at *12. Since Plaintiff lacks a judgment or any legal or equitable interest in the assets of NextLight, its Motion must be denied.

Even disregarding the *Compound Prop. Mgmt.* decision, Plaintiff's Motion is based upon one email, which it intentionally mischaracterizes and is a far cry from supporting the legal standard for appointment of a receiver here. The email, taken as a whole, demonstrates that NextLight is still operating and seeking new business partnerships and revenue streams, contrary to Plaintiff's assertions. While Plaintiff complains about the email's statement that NextLight no longer has any inventory, employees, or building lease, Plaintiff fails to explain why these cost-cutting measures are not actually prudent and preserve NextLight's assets given the fact that employees, its building lease, and inventory are liabilities and expenses that require assets (cash) to maintain or how a receiver would do a better job at preserving NextLight's assets. These statements do not evince an imminent danger that NextLight's assets will be lost, or its value diminished, or come close to satisfying the high standard for appointment of a receiver – instead, they evince that NextLight has reduced its liabilities and expenses, which will preserve its cash assets, and that NextLight is still operating and seeking to continue to operate.

Plaintiff fails to identify or claim any fraudulent conduct by NextLight, and does not establish that any legal remedies would be inadequate. Plaintiff also fails to identify

3

the likelihood that appointment of a receiver will do more harm than good or identify any less drastic equitable remedies. Further, the likelihood of Plaintiff's success on the merits of its claims is far from being established. NextLight expressly denied that it owes Plaintiff the alleged amount and asserted defenses and a counterclaim for breach of warranty related to the defective light fixtures that are the subject of the alleged debt.

Finally, the legal authorities Plaintiff cites in support of its Motion solely exist in the inapposite context of shareholder rights claims asserted against a defendant corporation in which they hold an ownership interest. Plaintiff's Motion critically fails to cite any legal authority in which a receiver has been appointed under the operative facts and circumstances - a disputed collection action by an alleged creditor lacking a judgment or any cognizable legal or equitable interest in the property or assets of the alleged debtor.

For those reasons and as more fully detailed herein, the Motion should be denied. A Memorandum in Support is attached.

                                        Respectfully submitted,

                                        */s/ Paul T. Saba*
                                        Paul T. Saba (0063723)
                                        STAGNARO, SABA & PATTERSON CO., L.P.A.
                                        2623 Erie Ave.
                                        Cincinnati, OH 45208
                                        (513) 533-2703
                                        (513) 533-2999 – fax
                                        pts@sspfirm.com
                                        Attorneys for Defendant

## MEMORANDUM IN SUPPORT

I.      INTRODUCTION

Based on a single email, Plaintiff makes the audacious assertion that NextLight is "insolvent and has been grossly mismanaged" and a receiver must be appointed. *See* Doc #18, P2, Exhibit A to Plaintiff's Motion. However, it is important to point out that NextLight designs and sells grow lights for the cannabis industry. There is no dispute that during the pandemic (calendar year 2020) a lot of unemployed people indulged in the recreational use of marijuana marand as a result, cannabis sales as well as grow light sales soared. Just like Peloton's rise and fall during and after the pandemic, the cannabis industry also mistakenly thought the sales would continue and in 2021 companies oversupplied and overstocked inventory. However, as people went back to work in 2021 and the recreational use of marijuana decreased, cannabis sales and grow light sales plummeted and the players in the cannabis space needed to pivot and reinvent their business models to survive. NextLight has done so and CABATech is critical of that because instead of holding large amounts of CABATech lights inventory hoping to sell the same in an over-saturated market, NextLight shifted to a no inventory supply on-demand business model.

The email attached to CABATech's motion is a business pitch in which NextLight's representative is proposing a partnership through which NextLight designs and sells on-demand lights manufactured by CABATech. These statements clearly

5

evidence that NextLight is still operating under its new business model and seeking to solicit a business partnership. The statements emphasized by Plaintiff simply demonstrate that NextLight is operating in a lean manner.

Critically, Plaintiff does not argue that it has any current legal or equitable interest in the assets or management of NextLight, but its Motion is solely premised on its status as an alleged creditor and its potential ability "to recoup any current losses or award at the conclusion of this matter." Doc #18, Plaintiff's Motion at Pg. 5.

## II. LAW AND ARGUMENT

**The Motion must be denied pursuant to the decision in *Compound Prop. Mgmt.***

"'The general rule is that a receiver will not be appointed unless it appears that the appointment is necessary either to prevent fraud or to save the property from irreparable injury or threatened loss or destruction.'" *Pappas v. Medas*, 2019 WL 297087 (S.D. Ohio 2019) at *4, quoting *Macon Lumber Co. v. Bishop & Collins*, 229 F.2d 305, 307 (6th Cir. 1956). "'The appointment of a receiver for a solvent going business corporation is a drastic measure which will be taken by a court of equity in the exercise of its discretion only where there is imminent danger of loss...and there is no adequate remedy at law.'" *Id*. While the appointment of a receiver is in the Court's discretion, it is "an extraordinary remedy that is only justified in extreme situations." *Id.*, quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir.1993). A court

6

should employ a receiver "with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.'" *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 2020 WL 13460831 (S.D. Ohio 2020) at *8, quoting 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2983 at 24.

While equity is "flexible," it is also true that, at least in the federal system, "that flexibility is confined within the broad boundaries of traditional equitable relief." *Id.* at *10, quoting *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 322, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999). Indeed, this Court has held that "in cases in which a party is seeking a receiver to preserve assets to satisfy a judgment, like here, <u>the party seeking such relief must first obtain a judgment against the defendant before seeking the appointment of a receiver</u>." *Compound Prop. Mgmt.* at *8, citing *Grupo Mexicano* at 319 (emphasis added).

This Court reiterated the existence of a "substantive rule that a general creditor (one without a judgment) had no cognizable interest, either at law or in equity, in the property of his debtor, and therefore could not interfere with the debtor's use of that property." *Id.* at *11-12, quoting *Grupo Mexicano* at 319-20. "'[U]ntil the creditor has established his title, he has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of the debtor's rights.'" *Id.* at *12, citing *Grupo Mexicano* at 320 (additional citations omitted). In *Compound Prop. Mgmt., LLC,* this Court ultimately denied the plaintiffs' emergency

7

motion to appoint a receiver, despite their argument that the defendant was insolvent or on the brink of insolvency, finding that the plaintiffs in that case did not have a legal or equitable interest in any property that the defendant owned. *Id.* at *12. Critically, this Court also expressly held that its broad equitable powers are constrained by *Grupo Mexicano*. *Id*.

This Court's decision in *Compound Prop. Mgmt.* clearly requires that a party seeking appointment of a receiver to preserve assets to satisfy a potential future judgment, as Plaintiff seeks here, "<u>must first obtain a judgment against the defendant before seeking the appointment of a receiver</u>." *Compound Prop. Mgmt.* at *8 (emphasis added).

Here, as in *Compound Prop. Mgmt.*, Plaintiff is an unproven, alleged general creditor without a judgment or other cognizable legal or equitable interest in the assets of NextLight seeking money damages in a disputed collection lawsuit. Plaintiff's unsupported allegation that NextLight is insolvent and grossly mismanaged based on a single email is insufficient to rebut this Court's holding and its status.

Accordingly, Plaintiff's Motion must be denied based upon the *Compound Prop. Mgmt.* decision.

> **Even disregarding the *Compound Prop. Mgmt* decision, the email produced by Plaintiff is insufficient to support the extraordinary appointment of a receiver.**

Contrary to Plaintiff's incorrect assertion that "a receivership may be appointed based on any one factor", (Doc 18, P4, Plaintiff's Motion) there is no precise formula for

8

determining when appointment is warranted; however, courts generally consider the validity of the claim by the party seeking appointment; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be concealed, lost or its value diminished; inadequacy of legal remedies; lack of less drastic equitable remedy; and the likelihood that appointment will do more good than harm. *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 2d 910, 925 (S.D. Ohio 2001).

First, Plaintiff does not even allege any fraudulent conduct by NextLight nor has it asserted any fraud claims against NextLight because no fraud exists. Plaintiff has also failed to establish that another legal or equitable remedy would be futile or less drastic. Indeed, Plaintiff has provided no evidence that it would not have an adequate remedy at law to redress any claims it may have about the way in which NextLight is operating. Were NextLight fraudulently transferring, disposing of, or conveying assets, then Plaintiff may have a better argument for the appointment of a receiver but that does not exist here.

The email from NextLight's representative that serves as the lone basis for Plaintiff's Motion is a business solicitation seeking to sell Plaintiff's products under a different business model than Plaintiff and NextLight previously utilized. As explained in the email, NextLight is still operating and seeking new business partnerships and

revenue streams – as it states, "with Best Lighting, CABA, and NextLight working together we can make money." Doc. 18, Exhibit A, Plaintiff's Motion.

Plaintiff misplaces its focus on the statement NextLight's lean business operations, that ". . . I no longer have any inventory, employees, or a building and I am quickly moving toward a future that will have nothing to do with the lighting market." Doc. 18, Exhibit A, Plaintiff's Motion. As explained above, NextLight was forced to pivot and lay off employees, terminate its lease and cut costs due to the volatile swings in demand with the pandemic and due in large part to Plaintiff's failure and refusal to honor its product warranties. More critically, taken within the context of the email, the statements emphasized by Plaintiff do not come close to satisfying the high standard for appointment of a receiver before Plaintiff has even proven it is a creditor with a cognizable interest in NextLight's property.

It is well recognized that a motion to appoint a receiver in the absence of the concealment of assets, hiding proceeds, commingling funds, should be denied. There is no evidence that a receiver would do a better job collecting any accounts receivable or defending and prosecuting the claims against Plaintiff. There is no evidence of waste or unwarranted loss of value of corporate assets will occur unless the Court appoints a receiver." *Phillippi v. Jim Phillippi, Inc.,* 2009 U.S. Dist. LEXIS 41645 at *6-7. Here too, Plaintiff has failed to provide any actual evidence that any property will be concealed, hidden, or its value diminished. Nor has it established that a receiver would do a better

10

job in preserving or disposing of NextLight's assets. Though Plaintiff complains that NextLight stated it no longer has "any inventory, employees, or building", Plaintiff fails to explain how taking these cost-cutting measures is unreasonable and why these measures would not actually be prudent and preserve more of NextLight's assets since employees, its building lease, and inventory are liabilities and expenses that it would otherwise expend cash to maintain. Based upon the foregoing, a receivership would likely do more harm than good here given that Plaintiff seeks a receiver to take away NextLight's control of its operations, assets, and its claims and defenses in this litigation.

The likelihood of success on the merits is far from being established at all. Indeed, NextLight expressly denied that it owes Plaintiff the alleged amount and asserted defenses and a counterclaim for breach of warranty related to the defective light fixtures that are the subject of the alleged debt. *See* NextLight's Answer at ¶¶ 13, 15 and 16. NextLight has pleaded that its damages are believed to be in excess of $1 million and may exceed the damages sought in Plaintiff's claims. *See* NextLight's Counterclaim at ¶ 11.

Finally, the legal authorities Plaintiff cites in support of its Motion are inapposite to the facts of this case. *See Granada Invs., Inc. v. DWG Corp.*, 823 F. Supp. 448, 460 (N.D. Ohio 1993), *Phoenix Portland Cement Co. v. Shadrach,* 18 Ohio App. 264 (Franklin County 1924), *National Salt Co. v. United Salt Co.,* 8 Ohio N.P. 325, 11 Ohio Dec. 348 (Cuyahoga

11

Common Pleas 1901), *Birch v. Stacey,* 29 Ohio N.P. (N.S.) 1 (Hamilton Common Pleas 1931), and *Guardian Financing Co. v. Davidson,* 23 Ohio App. 143, 145, 147-49, 154 N.E. 743 (Summit County 1924). *Granada Invs.* and each of the aforementioned cases Plaintiff cited involved claims asserted by shareholders against a defendant corporation and its officers pursuant to a shareholder derivative complaint and were predicated on their rights and ownership interest as shareholders of the corporations.

Those circumstances are entirely distinct. Plaintiff is not a shareholder, nor does it assert any similar shareholder derivative claims. Plaintiff is simply an alleged creditor in a collection action without a judgment or other legal or equitable interest in the assets or property of NextLight. As such, Plaintiff's arguments are unpersuasive.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for Appointment of Receiver should be denied.

                                                  Respectfully submitted,

                                                  */s/ Paul T. Saba*
                                                  Paul T. Saba (0063723)
                                                  STAGNARO, SABA & PATTERSON CO., L.P.A.
                                                  2623 Erie Ave.
                                                  Cincinnati, OH 45208
                                                  (513) 533-2703
                                                  (513) 533-2999 – fax
                                                  pts@sspfirm.com
                                                  *Counsel for Defendant/Counterclaimant*
                                                  *NextLight, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF on September 20, 2022.

*/s/ Paul T. Saba*
Paul T. Saba (0063723)

13