IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CABATECH, LLC, | : | Case No. 1:22-cv-59 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| NEXTLIGHT, LLC, | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM (Doc. 14)

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer and Counterclaim (Doc. 14). Plaintiff filed a response in opposition (Doc. 15), to which Defendant replied in support (Doc. 16). Thus, this matter is ripe for review. For the foregoing reasons, the Motion for Leave to File Amended Answer and Counterclaim is **GRANTED**.

Plaintiff brought this action against Defendant on January 31, 2022, alleging that Defendant had failed to pay for light fixtures that it had purchased from Plaintiff. (*See* Compl., Doc. 1.) In response, Defendant filed an Answer and Counterclaim (Doc. 8), alleging that the light fixtures Plaintiff sold Defendant were defective. Now, Defendant wishes to amend its Answer and Counterclaim to include "affirmative defenses related to setoff and a newly discovered five-year warranty for the defective lighting supplied by Plaintiff to [Defendant]." (Motion to Amend, Doc. 14, Pg. ID 137.) Plaintiff opposes

such request on the basis that any amendment at this stage would create undue delay, prejudice Plaintiff, and be taken in bad faith. (Response in Opp., Doc. 15, Pg. ID 163-64.)

Under Federal Rule of Civil Procedure 15(a)(2), if a party is unable to amend its pleading as a matter of course pursuant to subsection (1), then "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Courts are authorized to "freely give leave when justice so requires." *Id.* Rule 15 is interpreted liberally and in favor of allowing parties to amend their pleadings. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Courts consider several factors in determining whether to grant a motion to amend a pleading, such as "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (internal quotation marks omitted).

In the present case, Plaintiff opposes Defendant's attempt to amend its Answer and Counterclaim, alleging that Defendant's request is a "bad faith delay tactic" that seeks to "prolong litigation" while Defendant collects "as much of the outstanding accounts receivable" to "prevent them from going to creditors." (Response in Opp., Doc. 15, Pg. ID 163-64.) However, Plaintiff fails to present a single strand of evidence that would lead the Court to accept such a serious allegation as accurate. The Court finds Plaintiff's conjuncture to be wholly speculative. Moreover, the Court has found no evidence to suggest that permitting Defendant to amend would cause undue delay. The motion was filed approximately three months after Defendant filed its original Answer

and Counterclaim. To date, no scheduling order has been set by this Court. In fact, this case has only recently resumed following mediation efforts with Magistrate Judge Karen L. Litkovitz. (*See* 1/4/23 Minute Entry.) While Plaintiff states that the parties have already exchanged some written discovery, that alone is not enough to demonstrate undue delay. *See Abner v. Convergys Corp.*, No. 1:18-cv-442, 2021 U.S. Dist. LEXIS 257774, at *11-12 (S.D. Ohio Apr. 7, 2021).

Next, Plaintiff argues that amending the Answer and Counterclaim is inappropriate because the five-year warranty for the allegedly defective lighting "is not newly discovered." (Response in Opposition, Doc. 15, PG. ID 164.) Specifically, Plaintiff maintains that such information has been "clearly marked on Plaintiff's website from the very beginning of this matter." (*Id.*) However, Rule 15 "reinforce[s] the principal that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quotation omitted). And "[i]f the underlying facts or circumstances relied upon by [Defendant] may be a subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the Court finds that the amended Answer and Counterclaim is not so different as to cause prejudice to the Plaintiff, nor does the Court find bad faith or that the delay was particularly "undue."

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion for Leave to File Amended Answer and Counterclaim (Doc. 14) is **GRANTED**;

2. Defendant **SHALL FILE** its amended answer and counterclaim within seven

3

(7) days of this Order;

3. Plaintiff **SHALL FILE** its response to Defendant's amended answer and counterclaim within fourteen (14) days of the filing of the amended answer and counterclaim.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND