IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CABATECH, LLC**, | Case No. 1:22-cv-00059-MWM |
| Plaintiff, | **Honorable Matthew W. McFarland** |
| v. | |
| **NEXTLIGHT, LLC**, | |
| Defendant. | |

### FIRST AMENDED ANSWER AND COUNTERCLAIM

Now comes Defendant Nextlight, LLC ("Nextlight"), by and through counsel, and for its First Amended Answer and Counterclaim to the Plaintiff's Complaint, it hereby states as follows:

### FIRST DEFENSE

1. Nextlight denies the allegations in paragraph 1 of the Complaint for lack of knowledge.

2. Nextlight admits the allegations in paragraph 2 of the Complaint.

3. Nextlight admits the allegations in paragraph 3 of the Complaint.

4. Nextlight admits the allegations in paragraph 4 of the Complaint.

5. Nextlight admits the allegations in paragraph 5 of the Complaint.

6. Nextlight admits the allegations in paragraph 6 of the Complaint.

7. Nextlight admits the allegations in paragraph 7 of the Complaint.

8. In response to paragraphs 8-24, Nextlight states that the invoices attached to the Complaint speak for themselves. Nextlight denies any remaining allegations in paragraphs 8-24.

9. Nextlight denies the allegations in paragraph 25 of the Complaint for lack of knowledge.

10. Nextlight admits the allegations in paragraph 26 of the Complaint.

11. Nextlight denies the allegations in paragraph 27 of the Complaint.

12. Paragraph 28 of the Complaint is an incomplete sentence, such that Nextlight cannot discern what Plaintiff is alleging. As such, Nextlight denies the allegations in paragraph 28. Further answering, however, Nextlight states that after paying Plaintiff $99,459.12 toward the amount due, Nextlight discovered that the light fixtures that Plaintiff had supplied were defective and failed. The light fixtures were covered under two express warranties against manufacturing defects, a ninety (90) day warranty ("90-Day Warranty") and an industry standard five (5) year warranty ("5-Year Warranty") (jointly, the "Warranties"), and Nextlight timely put Plaintiff on notice of the warranty claims, but Plaintiff failed and refused to honor the Warranties. As such, Nextlight was forced to expend a significant amount of money to attempt to fix the defective light fixtures supplied by Plaintiff. A true and accurate copy of the 90-Day Warranty is attached hereto and incorporated herein by reference as **Exhibit A**. A true

and accurate copy of Plaintiff's website acknowledging the 5-Year Warranty is attached hereto and incorporated herein by reference as **Exhibit B**.

13. Nextlight denies the allegations in paragraph 29 of the Complaint.

14. In response to paragraph 30 of the Complaint, Nextlight restates each and every foregoing admission and denial as if fully rewritten herein.

15. In response to the allegations in paragraphs 31 and 32 of the Complaint, Nextlight admits it entered into an agreement with Plaintiff whereby Plaintiff was obligated to supply Nextlight with certain products—working light fixtures. Further answering, however, Nextlight denies that Plaintiff did so. As stated above, the light fixtures that Plaintiff supplied were defective and failed, and despite the fact that they were covered by the Warranties, Plaintiff failed and refused to honor the Warranties. As such, Plaintiff breached the terms of that agreement and the Warranties.

16. Nextlight expressly denies each and every allegation in the Complaint not specifically denied in the foregoing paragraphs and/or not specifically admitted herein.

## SECOND DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

18. Any damages sustained by Plaintiff, the existence of which Nextlight denies, were caused by Plaintiff's own breach of the contract, intentional acts, and/or negligence, for which Nextlight is not liable.

**FOURTH DEFENSE**

19. Any losses or damages sustained by Plaintiff, the existence of which Nextlight denies, were caused by the intervening and/or superseding acts of others, for which Nextlight is not liable.

**FIFTH DEFENSE**

20. Plaintiff assumed the risk of any and all losses and damages it allegedly sustained.

**SIXTH DEFENSE**

21. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages, the existence of which Nextlight denies.

**SEVENTH DEFENSE**

22. Plaintiff is barred from pursuing its claims by the doctrine of unclean hands.

**EIGHTH DEFENSE**

23. The sole and proximate cause of the damages alleged in the Complaint, if any, which Nextlight continues to deny, were caused by Plaintiff.

**NINTH DEFENSE**

24. Plaintiff has failed to state a claim for attorney's fees.

**TENTH DEFENSE**

25. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, failure of consideration, laches, duress, estoppel, license, payment, release, statute of frauds, recoupment, setoff and waiver.

**ELEVENTH DEFENSE**

26. Plaintiff's claims are barred, in whole or in part, by the express Warranties and/or implied warranties related to the defective light fixtures.

**TWELFTH DEFENSE**

27. Nextlight hereby provides notice of its intent to rely on such additional affirmative defenses as are revealed during the course of discovery in this matter.

**COUNTERCLAIM**

Now comes Defendant/Counterclaimant Nextlight, LLC ("Defendant" or "Nextlight"), and for its Counterclaim against Plaintiff/Counterclaim-Defendant CABATech, LLC ("Plaintiff"), hereby states as follows:

1. Nextlight entered into an agreement with Plaintiff, whereby Plaintiff agreed to supply Nextlight with light fixtures.

2. The light fixtures were covered under two express warranties against manufacturing defects, a ninety (90) day warranty ("90-Day Warranty") and an industry standard five (5) year warranty ("5-Year Warranty") (jointly, the "Warranties") and/or implied warranties against manufacturing defects by Plaintiff. See Exhibits A and B attached hereto.

5

3. After paying Plaintiff $99,459.12 toward the amount due, Nextlight discovered that the light fixtures that Plaintiff had supplied were defective and when a majority of them failed they inspected the other fixtures and discovered they were all defective and notified Plaintiff of the same.

4. Nextlight timely put Plaintiff on notice of the fact that the light fixtures were defective and requested that Plaintiff to honor the Warranties but Plaintiff failed and refused.

5. Plaintiff acknowledged Nextlight's Warranties request and acknowledged the defects but failed and refused to honor the Warranties and refund, repair, or replace the light fixtures. As such, Plaintiff breached the terms of the Warranties and the parties' agreement.

6. As a result of Plaintiff's failure and refusal to honor the terms of the Warranties, Nextlight was forced to expend a significant amount of money the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 in an attempt to repair the light fixtures in order to maintain its customer base.

## COUNT ONE
(**Breach of Contract**)

7. Nextlight restates each and every allegation set forth above as if fully rewritten herein.

8. The agreement, the mutual offers and acceptances, and the Warranties between Nextlight and Plaintiff constitute a binding and enforceable contract

6

("Contract"). All of the light fixtures that Nextlight purchased from Plaintiff are covered by Plaintiff's Warranties.

9. Nextlight performed all of its obligations under the Contract and satisfied any conditions precedent.

10. The light fixtures supplied by Plaintiff to Nextlight under the Contract were defective and failed to perform as warranted.

11. Plaintiff has breached the Contract with Nextlight by supplying defective light fixtures and failing to honor the terms of the Warranties.

12. As a result of Plaintiff's breach of the Contract, Nextlight has been damaged and will continue to be damaged, in excess of $1,000,000.00, and Nextlight respectfully demands a judgment in its favor and against Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT TWO
### (Breach of Express Warranty)

13. Nextlight restates each and every allegation set forth above as if fully rewritten herein.

14. The light fixtures purchased by Nextlight from Plaintiff were covered by the express Warranties.

15. The light fixtures supplied by Plaintiff were defective and failed to perform as warranted.

7

16. Nextlight timely provided Plaintiff with reasonable notice of defective light fixtures.

17. As a result of the foregoing, Nextlight has been damaged and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 and Nextlight respectfully demands a judgment in its favor and against Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT THREE
(**Breach of Implied Warranty**)

18. Nextlight restates each and every allegation set forth above as if fully rewritten herein.

19. The light fixtures purchased by Nextlight from Plaintiff were covered by the implied warranties of merchantability and of workmanship.

20. The light fixtures supplied by Plaintiff were defective and failed to perform as warranted.

21. Nextlight timely provided Plaintiff with reasonable notice of defective light fixtures.

22. As a result of the foregoing, Nextlight has been damaged and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 and Nextlight respectfully demands a judgment in its favor and against

Plaintiff in this amount, plus attorney fees, court costs, and charges, the precise amount of which is to be determined at trial.

## COUNT FOUR
### (Product Liability under O.R.C. 2307.71-80)

23. Nextlight restates each and every allegation set forth above as if fully rewritten herein.

24. Plaintiff is a "manufacturer" of goods and the light fixtures manufactured and supplied by Plaintiff are a "product", as defined under R.C. 2307.71(A).

25. After Plaintiff delivered the light fixtures to Nextlight, it became clear that the fixtures were defective under R.C. 2307.74 and 2307.77 as they deviated in a material way from the design specifications, formula, performance standards of Plaintiff, and failed to perform like other identical units and did not conform to Plaintiff's representations.

26. As a direct and proximate result of the defective products, Nextlight and will continue to be damaged, the exact amount is still being calculated but it is believed to be in excess of $1,000,000.00 in a precise amount to be proven at trial, plus punitive or exemplary damages, reasonable attorneys' fees, interest, and costs.

WHEREFORE, Nextlight prays for judgment and the following relief against Plaintiff:

  A. As to Count One, for breach of contract, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

  B. As to Count Two, for breach of express warranty, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

  C. As to Count Three, for breach of implied warranty, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus post judgment interest, attorney's fees, and court costs;

  D. As to Count Four, for Product Liability under O.R.C. 2307.71-80, judgment in favor of Nextlight and against Plaintiff, in an amount to be determined at trial, plus punitive or exemplary damages, post judgment interest, attorney's fees, and court costs; and

  E. As to all parts of this pleading, judgment in favor of Nextlight for damages, interest, and an award of Nextlight's reasonable attorney fees, the costs of this action, and such further relief, at law or in equity, which this Court deems proper and just.

            Respectfully submitted,

            */s/ Christopher R. Jones*
            Christopher R. Jones (0092351)
            STAGNARO, SABA & PATTERSON, Co., L.P.A.
            2623 Erie Avenue
            Cincinnati, Ohio 45208
            Tel. (513) 533-2708

                                          Fax (513) 533-2999
                                          crj@sspfirm.com
                                          *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **FIRST AMENDED ANSWER AND COUNTERCLAIM** was served on all counsel of record via CM/ECF on February 10, 2023.

                                          */s/ Christopher R. Jones*
                                          Christopher R. Jones (0092351)