IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CABATECH, LLC, | : | Case No. 1:22-cv-59 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| NEXTLIGHT, LLC, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This case is before the Court on Defendant's Motion to Disqualify (Doc. 17) and Plaintiff's Emergency Motion for Appointment of Receiver (Doc. 18). Plaintiff filed a Response in Opposition to the Motion to Disqualify Counsel (Doc. 19), to which Defendant failed to timely reply. Additionally, Defendant has filed a Response in Opposition to Plaintiff's Motion to Appoint Receiver (Doc. 21), to which Plaintiff has filed a Reply in Support of Motion for Appointment of Receiver (Doc. 23). Thus, these matters are ripe for review. For the foregoing reasons, Defendant's Motion to Disqualify (Doc. 17) and Plaintiff's Emergency Motion for Appointment of Receiver (Doc. 18) are both **DENIED**.

## FACTS

Plaintiff alleges that, from December 2020 to July 2021, Defendant purchased "light fixtures, PCB assembly, enclosers, optics, controls, and other lighting fixtures" ("Products") from Plaintiff. (Compl., Doc. 1, ¶¶ 5, 7.) Defendant allegedly began making

payments on the amount owed to Plaintiff for the Products, but subsequently stopped. (*Id.* at ¶¶ 26, 29.) In total, Defendant owed Plaintiff $1,674,459.87 for the Products, but only paid $99,459.12 towards its amount due. (*Id.* at ¶¶ 8-27.) Thus, Defendant allegedly owes Plaintiff $1,575,000.75. (*Id.* at ¶ 29.)

Defendant maintains that it stopped making payments to Plaintiff because Defendant discovered that the Products were defective. (Am. Answer and Counterclaim, Doc. 27, ¶ 3.) Further, Defendant alleges that the Products were protected by warranties. (*Id.*) And, while Defendant allegedly notified Plaintiff of the defects, Plaintiff refused to honor its warranties or otherwise "refund, repair, or replace" the Products. (*Id.* at ¶ 5.) Resultantly, Defendant was forced to "expend a significant amount of money . . . in an attempt to repair the [Products]." (*Id.* at ¶ 6.)

## I. Facts Relating to Defendant's Motion to Disqualify

On August 25, 2022, Defendant filed a motion to disqualify Plaintiff's Attorney, Gregory Barwell of Wesp Barwell, LLC. (*See* Motion to Disqualify, Doc. 17.) Defendant maintains that Attorney Barwell, "acting in his capacity as counsel for Plaintiff, engaged in direct contact with [Defendant's] representative relating to" the allegedly defective Products. (*Id.* at Pg. ID 171.) In support of its motion, Defendant provided various correspondence between Attorney Barwell and a representative of Defendant, Nicholas Brumm. (Ex. A, Doc. 17-1, Pg. ID 181-224.)

The first portion of correspondence contains emails between Brumm and Attorney Barwell. (Ex. A, Doc. 17-1, Pg. ID 181-215.) On October 28, 2021, Brumm forwarded an email to Attorney Barwell wherein Brumm notified a presumed-representative of

Plaintiff of the Product's defects. (*Id.* at Pg. ID 213-14.) Then, on December 2, 2021, Brumm forwarded more emails to Attorney Barwell, wherein representatives from both parties further discussed the Product's defects and possible solutions. (*Id.* at Pg. ID 181-88; 194-212.) These emails indicate that they were forwarded to Attorney Barwell to provide evidence of Brumm's notice to Plaintiff of the Products' defects. (*See id.* at Pg. ID 181, 183, 185, 194, 213.) Additionally, on December 15, 2021, Attorney Barwell emailed Brumm stating that Plaintiff required more detailed documentation of the defects for settlement negotiations to continue. (*Id.* at Pg. ID 192-93.) On January 27, 2022, Brumm responded that he had provided such documentation. (*Id.* at Pg. ID 191-189.)

In addition to the email correspondence, Defendant provides text messages apparently between Brumm and Attorney Barwell. (Ex. A, Doc. 17-1, Pg. ID 215-224.) The text messages largely revolve around scheduling calls to discuss defect and warranty matters related to the Products. (*Id.*) One of these texts indicates that these calls may include other individuals in addition to Brumm and Attorney Barwell. (*See id.* at Pg. ID 218.)

## II. Facts Related to Plaintiff's Motion to Appoint Receiver

On August 30, 2022, Plaintiff filed a motion to appoint a receiver to take possession and control of all of Defendant's assets. (*See* Motion for Appointment of Receiver, Doc. 18.) In support of its motion, Plaintiff attached an email from Brumm to representatives of Plaintiff. (*See* Ex. A, Doc. 18-1, Pg. ID 233.) In the email, Brumm thanks the representatives for taking his call and for "trying to work towards a future where [they] could] cooperate and succeed in the horticulture lighting market." (*Id.*) Then, Brumm—

3

noting the shifting market—seems to extend a business offer wherein Brumm would help Plaintiff "achieve the success [it is] looking for in the horticulture space." (*Id.*) Brumm closes his email by stating that he "no longer [has] any inventory, employees, or a building," but that he would like to proceed with "next step[s]" so that the parties can "make money." (*Id.*)

## LAW & ANALYSIS

### I. Defendant's Motion to Disqualify

Defendant moves to disqualify Attorney Barwell because he is allegedly a necessary witness to this case. (*See* Motion to Disqualify, Doc. 17.) A motion to disqualify "is the proper method for a party-litigant to bring an issue of conflict of interest or breach of an ethical duty to the court's attention." *Hamrick v. Union Twp., Ohio*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000). Courts have made clear that motions to disqualify counsel "should be viewed with extreme caution because they can be misused as techniques of harassment." *Id.* (citation omitted). In deciding whether counsel should be disqualified, the Sixth Circuit has set forth a three-factor balancing test that the Court must consider: "(a) the interest of the public in the proper safeguarding of the judicial process; (b) the interest of the defendants; and (c) the interest of the plaintiffs." *Gen. Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982).

The Rules of Professional Conduct guide courts in determining a disqualification motion. *See Nat'l Union Fire Ins. Co. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006), *vacated in part on other grounds*, 472 F.3d 436 (6th Cir. 2007). "'The conduct of attorneys admitted to practice before this Court . . . is governed by the Model Federal Rules of Disciplinary

4

Enforcement,' which in turn provides that this Court abides by the code of professional conduct adopted by the highest court of the state in which this Court sits." *Miller v. Food Concepts Int'l, LP*, No. 2:13-cv-124, 2015 U.S. Dist. LEXIS 141147, at *24 (S.D. Ohio Oct. 16, 2015) (citing S.D. Ohio Civ. R. 83.3(h)). Thus, this Court applies the standards set forth in the Ohio Rules of Professional Conduct. *Id.* (citation omitted).

Ohio Rule of Professional Conduct 3.7 states that:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a **necessary witness** unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work substantial hardship on the client.

Ohio R. Prof'l Conduct 3.7 (emphasis in original). The burden of proving that disqualification is necessary is upon the moving party. *Reo v. Univ. Hosps. Health Sys.*, 131 N.E.3d 986, 991 (Ohio Ct. App. 2019) (citation omitted). The burden shifts to the non-moving party and their counsel to prove that one of the exceptions applies. *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 650 N.E.2d 869, 874 (Ohio 1995).

To determine whether a lawyer is likely to be a necessary witness, this Court must first determine that the proposed testimony is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere. *See City of Akron v. Carter*, 942 N.E.2d 409, 429 (Ohio Ct. App. 2010). A necessary witness is not simply one who provides relevant or even highly useful testimony. *Whitacre v. Nations Lending Corp.*, No. 5:19-cv-

5

809, 2019 U.S. Dist. LEXIS 126869, at *4 (N.D. Ohio July 30, 2019) (citing *City of Akron*, 942 N.E.2d at 416). Rather, "[a] finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." *City of Akron*, 942 N.E.2d at 429. "A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.* Thus, "[a] necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Puritas Metal Prods. v. Cole*, No. 7CA9255, 2008 Ohio App. LEXIS 3900, at *20 (Ohio Ct. App. Sept. 15, 2008) (citation omitted).

Here, Defendant maintains that Attorney Barwell "will need to testify as to the direct discussions and communications he had with [Defendant]'s representative in which it placed Plaintiff, through [Attorney] Barwell acting in his capacity as its attorney, on notice of the defective [Products] and its warranty claims regarding the same." (Motion to Disqualify, Doc. 17, Pg. ID 174.) Defendant is correct that, to some extent, the proposed testimony of Attorney Barwell is relevant to the case at hand. Based on the evidence presented to this Court, Attorney Barwell was involved in negotiation efforts to resolve the parties' dispute. (*See* Ex. A, Doc. 17-1, Pg. ID 181-224.) Attorney Barwell, then, has personal knowledge of matters relevant to Defendant's claims against Plaintiff.

However, Defendant has failed show that the potential evidence offered by Attorney Barwell's is unobtainable elsewhere. The record does not clearly indicate that Attorney Barwell was the *only* representative of Plaintiff involved in communications

6

regarding the allegedly defective Products. In fact, most of the correspondence with Attorney Barwell are forwarded emails of previous discussions with other parties regarding the Products' defects and warranties. (Ex. A, Doc. 17-1, Pg. ID 181-88, 194-14.) The only email directly between Brumm and Attorney Barwell is a request for more detailed documentation of the defects. (*Id.* at Pg. ID 189-93.) However, Defendant does not provide any evidence to show that such documentation was exclusively presented to Attorney Barwell. Similarly, though the text messages focus on scheduling calls to discuss the relevant issues, Defendant has not shown that these calls were exclusively between Brumm and Attorney Barwell. In fact, one text from Attorney Barwell indicates that other individuals—presumably representatives of Plaintiff—may also have been involved in a potential call. (*Id.* at Pg. ID 218.) Thus, while Attorney Barwell may possess some knowledge relevant to the issues being litigated, Defendant has failed to show that such evidence is unobtainable elsewhere. In turn, the Court lacks a sufficient basis to disqualify Attorney Barwell.

## II. Plaintiff's Motion to Appoint Receiver

Next, Plaintiff requests that the Court appoint and authorize a receiver to, among other things, "immediately take possession of all [of Defendant's] assets." (Motion for Appointment of Receiver, Doc. 18, Pg. ID 225-26.) As an initial matter, Plaintiff argues that the appointment of receiver is governed by state law. (*Id.* at Pg. ID 269.) "The Sixth Circuit has never explicitly addressed whether federal or state law governs the appointment of a receiver by a district court where federal jurisdiction is based on diversity, but those circuits that have addressed the issue have held that federal law

governs." *McGirr v. Rehme*, No. 16-464, 2018 U.S. Dist. LEXIS 130673, at *28 (S.D. Ohio Aug. 3, 2018) (citations omitted). This Court has consistently "applied federal law when presented with a motion for appointment of receiver." *Id.* Thus, this Court will apply federal law to determine whether a receiver is appropriate in this case.

Federal Rule of Civil Procedure 66 permits a court to appoint a receiver to administer an estate in accordance "with the historical practice in federal courts or with a local rule." While appointment of a receiver is in the Court's discretion, it is "an extraordinary remedy that is only justified in extreme situations." *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 2d 910, 925 (S.D. Ohio 2001). In determining whether to appoint a receiver, the Court must first look for a "property interest sufficient to support such an extraordinary remedy." 13 Moore's Federal Practice – Civil § 66.04 (2022).

The appointment of a receiver can be sought "by anyone showing an interest in certain property or a relation to the party in control or ownership thereof." *Linc Acquisition One v. J4 Broad. Of Cincinnati*, No. 1:04-cv-810, 2005 U.S. Dist. LEXIS 63564, at *5 (S.D. Ohio Dec. 6, 2005) (citation omitted). "As a general rule, receivers may only be appointed when the party seeking receivership has some 'legally recognized right in [the] property [it wishes to seize] that amounts to more than a mere claim against defendant.'" *Piambino v. Bailey*, 757 F.2d 1112, 1147 n.46 (11th Cir. 1985) (citing 12 C. Wright & A. Miller, *Federal Practice and Procedure*, §§ 2918-86 (1973)). Recently, this Court found that, "in cases in which a party is seeking a receiver to preserve assets to satisfy a judgment, . . . the party seeking such relief must first obtain a judgment against the defendant before seeking the

8

appointment of a receiver." *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, No. 1:19-cv-133, 2020 U.S. Dist. LEXIS 265587, at *10 (S.D. Ohio June 19, 2020) (citing *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 322 (1999)).

Plaintiff argues that *Compound Prop. Mgmt.* does not govern the case at hand for various reasons. First, Plaintiff maintains that *Compound Prop. Mgmt.* should not be construed to only allow the appointment of receivers "when the movant has a judgment." (Reply in Support of Motion for Appointment of Receiver, Doc. 23, Pg. ID 266, 268.) The Court does not read *Compound Prop. Mgmt.* so broadly. In *Compound. Prop. Mgmt.*, the moving party requested a receiver to control potentially recoverable assets in a pending tort litigation. 2020 U.S. Dist. LEXIS 265587, at *5. The moving party apparently had no other tangible interest in the assets. *Id.* The Court found that, without more, the moving party lacked an interest in the property strong enough to justify appointment prior to judgment. *Id.* at *10. Such a finding is consistent with the opinions of courts in other districts. *See, e.g., Piambino*, 757 F.2d at 1131-32 (plaintiffs lacked requisite property interest to entitle them to appointment of receiver where they were "merely prosecuting a tort action for the recovery of unliquidated money damages and ha[d] not reduced their claims to judgment"). Second, Plaintiff argues that, unlike the proposed receiver in *Compound Prop. Mgmt.*, the appointment of a receiver in this case would not interfere with Defendant's use of its property. (Reply in Support of Motion for Appointment of Receiver, Doc. 23, Pg. ID 267-69.) However, the specific duties of a receiver do not impact the determination of whether a moving party has a sufficient property interest to properly request a receiver.

9

And here, Plaintiff does not have the requite interest in Defendant's assets to entitle it to the appointment of a receiver. Plaintiff maintains that it has "an equitable interest in" Defendant's assets "because [its] claims . . . are based upon Plaintiff's right to be paid." (Reply in Support of Motion for Appointment of Receiver, Doc. 23, Pg. ID 268.) Plaintiff does not otherwise allege any form of title or ownership over Defendant's assets. Without more, mere allegations of an unpaid debt are insufficient to show a legitimate interest in Defendant's property. And, at this stage of the litigation, Plaintiff has not obtained a judgment against Defendant to establish an interest in Defendant's assets. In turn, Plaintiff has no cognizable interest in Defendant's property. *See Grupo Mexicano*, 527 U.S. at 320 (quoting *Wiggins v. Armstrong*, 2 Johns. Ch. 144, 145-46 (N.Y. 1816)) (Until Plaintiff has "established [its] title, [it] has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of [Defendant's] rights."). Thus, Plaintiff lacks a property interest sufficient to support its request for an appointment of receiver.

## CONCLUSION

For the foregoing, the Court **ORDERS** the following:

1. Defendant's Motion to Disqualify (Doc. 17) is **DENIED**.

2. Plaintiff's Emergency Motion for Appointment of Receiver (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
