IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **CABATECH, LLC**, | : | Case No. 1: 22 -cv-00059-MWM |
| | : | |
| Plaintiff(s), | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| **NEXTLIGHT, LLC**, | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**AMENDED JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their amended discovery conference on April 19, 2023.

**A.  MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties previously exchanged disclosures.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

**1.** Discovery will need to be conducted on the issues of

All issues raised in the parties' pleadings, including, without limitation, CABATech's claims, Nextlight's counterclaims, and the defenses thereto.

**2.** The parties recommend that discovery

☒ need not be bifurcated.

☐ Should be bifurcated between liability and damages.

☐ Should be bifurcated between factual and expert.

☐ Should be limited to or focused upon issues relating to _____.

**3.** Disclosure and report of Plaintiff(s) expert(s) by November 15, 2023.

2

4. Disclosure and report by Defendant(s) expert(s) by  December 15, 2023  .

5. Disclosure and report of rebuttal expert(s) by  January 15, 2024  .

6. Disclosure of non-expert (fact) witnesses by  February 15, 2024  .

7. Discovery cut-off  February 15, 2024  .

8. Anticipated discovery problems

    ☐ _____

    _____

    _____

    ☒  None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Nexlight anticipates seeking discovery on the following subjects: i) the defective light fixtures supplied by CABATech;

ii) the warranty claims made by Nextlight to CABATech relating to the defective light fixtures; iii) CABATech's failure

and/or refusal to honor the warranties on the defective light fixtures.  CABATech anticipates seeking discovery on:

_____

10. **Discovery of Electronically Stored Information**.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☒  Yes

    ☐  No

3

   **i.** The parties have electronically stored information in the following formats:

Microsoft Word and Excel, PDFs, email-file format, and text messages.

   **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

None known the the parties at this time.

**11. Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

  ☒ Yes

  ☐ No

   **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None known to the parties at this time.

    ii. Have the parties agreed on a procedure to assert such claims AFTER production?

     ☐ No

     ☒ Yes

     ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

_____

_____

_____

**D.**  **<u>LIMITATIONS ON DISCOVERY</u>**

  1. Change in the limitations on discovery

   ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

   ☐ Increase the number of depositions (currently 10) permitted to _____.

   ☐ Increase the number of interrogatories (currently 25) permitted to _____.

   ☒ None.

E.  **PROTECTIVE ORDER**

☒  A protective order will be submitted to the Court on or before

September 22, 2023                                                                                        .

☐  The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

F.  **SETTLEMENT**

A settlement demand ☒ has or ☐ has not been made.

A response to the demand ☒ has or ☐ has not been made.

A demand can be made by _____.

A response can be made by _____.

G.  **MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by September 1, 2023.

2. Motions related to the pleadings by November 1, 2023.

3. Dispositive motions by March 15, 2024.

H.  **OTHER MATTERS**

The parties have the following pending motions: Nextlight has a motion for leave to amend and motion to disqualify pending and CABATech has a motion for appointment of a receiver pending.

_____

_____

Signatures:    */s/ Gregory P. Barwell*             */s/ Paul T. Saba*

                Attorney for Plaintiff(s)       Attorney for Defendant(s)

                Gregory P. Barwell (0070545)    Paul T. Saba (0063723)

                WESPBARWELL, LLC           STAGNARO, SABA & PATTERSON CO., LPA
                475 Metro Place South, Suite 430    2623 Erie Avenue
                Dublin, Ohio 43017              Cincinnati, Ohio 45208

                614-456-0488                   513-533-2703

                gbarwell@wesplaw.com         pts@sspfirm.com