IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CABATECH, LLC, | : | Case No. 1:22-cv-59 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| NEXTLIGHT, LLC, | : | |
| Defendant. | : | |

## ORDER DISMISSING DEFENDANT'S COUNTERCLAIMS
## FOR FAILURE TO PROSECUTE

This matter is before the Court sua sponte. On January 5, 2024, this Court granted Defendant's counsel's motion to withdraw. (*See* Order Withdrawing Counsel, Doc. 34.) In that Order, the Court noted that Defendant could not proceed pro se because it is a limited liability company. (*Id.* at Pg. ID 342-43.) The Court also stayed the matter for thirty days to afford Defendant an opportunity to obtain new legal counsel. (*Id.* at Pg. ID 343.) But, Defendant failed to acquire new legal counsel. On February 15, 2024, the Court ordered Defendant to show cause, within fourteen days, why its counterclaims should not be dismissed for failure to prosecute. (*See* Order to Show Cause, Doc. 37.) The Order was sent via certified mail but returned as undeliverable. (*See* Doc. 39.) Defendant has not otherwise communicated with the Court regarding this case.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court is authorized to dismiss a case for want of prosecution if a party "fails to prosecute or to comply with [the

Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Before dismissing a case for failure to prosecute, courts consider "whether: 1) the failure to cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citation omitted). District courts have the power to dismiss civil actions sua sponte for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962), *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Here, dismissal of Defendant's counterclaims is appropriate. The Court warned Defendant that its counterclaims would be dismissed if it failed to obtain counsel or respond to the Court's Order to Show Cause. (*See* Order Withdrawing Counsel, Doc. 34; Order to Show Cause, Doc. 37.) Yet, Defendant has failed to act, thereby satisfying the first and third factors. *See Int'l Union, Sec., Police & Fire Pros. of Am. v. Maritas*, No. 14-11484, 2015 U.S. Dist. LEXIS 51489, at *7 (E.D. Mich. Mar. 31, 2015). Additionally, Defendant's conduct has prejudiced Plaintiff by causing Plaintiff to "waste time, money, and effort" in pursuit of this litigation. *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013). Finally, as Defendant has abandoned the lawsuit, no "sanction less than dismissal will [] get this case back on track for resolution on the merits." *Ung v. Columbus Extend-A-Suites*, No. 2:18-cv-1479, 2019 U.S. Dist. LEXIS 110153, at *7 (S.D. Ohio July 2, 2019). Defendant's failure to prosecute this matter and obey a Court order warrants dismissal of Defendant's counterclaims pursuant to Rule 41(b). *See Jourdan*, 951 F.2d at 109-10.

Accordingly, Defendant's counterclaims are **DISMISSED** for want of prosecution.

**IT IS SO ORDERED.**

By: *[signature: Matthew W. McFarland]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
JUDGE MATTHEW W. McFARLAND