**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| CABATECH, LLC, | : | Case No. 1:22-cv-59 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NEXTLIGHT, LLC, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Plaintiff's Combined Motion for Summary Judgment and Motion for Default Judgment (Doc. 43).

Plaintiff brought this action against Defendant in January 2022. (*See* Compl., Doc. 1.) In December 2023, Defendant's counsel moved to withdraw based on Defendant's failure to communicate. (*See* Motion to Withdraw, Doc. 33.) The Court granted the motion on January 5, 2023, and stayed this case for thirty days to afford Defendant an opportunity to obtain new legal counsel. (Order Granting Withdrawal, Doc. 34.) Defendant has neither acquired new legal counsel nor communicated with this Court regarding the case. (*See* Order to Show Cause, Doc. 37; Order Dismissing Counterclaims, Doc. 40.) Plaintiff now moves for summary judgment and default judgment against Defendant. (*See* Motion, Doc. 43.)

The Court will first consider Plaintiff's request for summary judgment against Defendant. (Motion, Doc. 43, Pg. ID 363-34.) "When a corporation does not retain counsel,

it fails to [] defend" the claims brought against it. *Ultimate Home Protector Pans v. Rev a Shelf Co.*, No. 3:19-CV-135, 2020 U.S. Dist. LEXIS 255569, at *10 (W.D. Ky. Dec. 9, 2020) (collecting cases). Defendant, a limited liability company, has not had legal representation since January 5, 2023. (*See* Order Granting Withdrawal, Doc. 34.) And, Defendant has not communicated with the Court any intention to retain counsel. As Defendant has failed to defend itself in this matter, the proper avenue for judgment is under Federal Rule of Civil Procedure 55 rather than Federal Rule of Civil Procedure 56. *See Ultimate Home*, 2020 U.S. Dist. LEXIS 255569, at *10; *see also Great Am. Ins. Co. v. L&S Trucking Co.*, No. 1:14-CV-669, 2015 U.S. Dist. LEXIS 122143, at *4 (S.D. Ohio Aug. 19, 2015). So, Plaintiff's request for summary judgment must be denied at this time.

The Court will now turn to Plaintiff's request for default judgment. (*See* Motion, Doc. 43, Pg. ID 364-66.) Rule 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 U.S. Dist. LEXIS 96917, at *2 (S.D. Ohio July 26, 2016). First, a party must apply for an entry of default from the Clerk of Courts. *See* Fed. R. Civ. P. 55(a). Then, after a party obtains an entry of default, the party may request that default judgment be entered. Fed. R. Civ. P. 55(b).

Although Plaintiff seeks default judgment under Rule 55(b), Plaintiff has not obtained an entry of default from the Clerk pursuant to Rule 55(a). The Court therefore cannot enter a default judgment under Rule 55(b). *See Raja v. Napolitano*, No. 2:13-CV-11, 2013 U.S. Dist. LEXIS 196206, at *1 (S.D. Ohio Sept. 17, 2013) ("An entry of default as provided in Fed. R. Civ. P. 55(a) is a prerequisite to obtaining a default judgment under

2

Fed. R. Civ. P. 55(b).""). Thus, Plaintiff's request for default judgment must be denied without prejudice.

Based on the foregoing reasons, Plaintiff's Combined Motion for Summary Judgment and Motion for Default Judgment (Doc. 43) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

3