**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| CABATECH, LLC, | : | Case No. 1:22-cv-59 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NEXTLIGHT, LLC, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER AND OPINION

---

This case is before the Court on Plaintiff's Motion for Default Judgment (Doc. 48).

Defendant has not filed a response, and the time for doing so has passed. *See* S.D. Ohio

Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the following reasons, Plaintiff's

Motion for Default Judgment (Doc. 48) is **GRANTED IN PART AND DENIED IN**

**PART**.

### FACTS

From December 2020 to July 2021, Defendant purchased "light fixtures, PCB

assembly, enclosers, optics, controls, and other lighting fixtures" ("Products") from

Plaintiff under an Agreement between the parties. (Compl., Doc. 4, ¶ 31.) Plaintiff, a

California company, shipped the Products to Defendant in Ohio. (*Id.* at ¶¶ 5, 7.)

Defendant began making payments on the amount owed for the Products, but

subsequently stopped. (Compl., Doc. 4, ¶¶ 26, 29.) Specifically, Defendant owed Plaintiff

$1,674,459.87 for the Products, but only paid $99,459.12 towards its amount due. (*Id.* at

¶¶ 8-27; Invoices, Doc. 4-1, Pg. ID 11-51; Statement Balance, Doc. 4-1, Pg. ID 53-54; Katz

Aff., Doc. 48-1, Pg. ID 387-89.) In total, Defendant owes Plaintiff $1,575,000.75. (Statement

Balance, Doc. 4-1, Pg. ID 53-54; Compl., Doc. 4, ¶ 29.)

## PROCEDURAL POSTURE

On January 31, 2022, Plaintiff brought claims against Defendant for (1) breach of

contract, (2) "on account," (3) unjust enrichment, (4) quantum meruit/quantum valebant,

and (5) conversion. (*See* Compl., Doc. 4, ¶¶ 30-58.) The case initially proceeded normally,

until Defendant's counsel moved to withdraw on December 21, 2023 due to Defendant's

failure to pay. (*See* Motion to Withdraw, Doc. 33.) The Court granted the motion on

January 5, 2024, and provided Defendant thirty days to obtain new legal counsel. (Order

Granting Withdrawal, Doc. 34.) Defendant has neither acquired new legal counsel nor

communicated with this Court regarding the case. (*See* Order to Show Cause, Doc. 37;

Order Dismissing Counterclaims, Doc. 40.)

On April 24, 2024, Plaintiff applied for an entry of default against Defendant. (*See*

Application, Doc. 46.) The Clerk entered default against Defendant on April 25, 2024. (*See*

Entry of Default, Doc. 47.) Plaintiff now moves for default judgment against Defendant.

(*See* Motion, Doc. 48.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default

judgment. A plaintiff seeking entry of default against a defendant must first show, "by

affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed.

R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant.

*Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except in cases where the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Nevertheless, a court deciding whether to grant a motion for default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022); *see also Harrison v. Bailey*, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.").

## ANALYSIS

Plaintiff brought claims against Defendant for (1) breach of contract, (2) "on account," (3) unjust enrichment, (4) quantum meruit/quantum valebant, and (5) conversion. (*See* Compl., Doc. 4, ¶¶ 30-58.) Plaintiff now seeks default judgment on each of these claims, as well as an award for damages and attorney's fees. (*See* Motion, Doc. 48.) The Court will address each in turn.

### I.   Breach of Contract and "On Account" Claims

Plaintiff first brings claims for breach of contract and "on account" against Defendant for Defendant's failure to pay for the Products. (Compl., Doc. 4, ¶¶ 30-40.) An action "on account" claim "simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions." *Kwikcolor*

3

*Sand v. Fairmount Minerals Ltd.*, No. 96717, 2011 Ohio App. LEXIS 5466, at *10 (Ohio Ct. App. Dec. 22, 2011) (citation omitted.) In turn, the Court may review these claims together. *See Oberer v. Specialty Med. Care LLC*, No. 29674, 2023 Ohio App. LEXIS 2565, at *5 (Ohio Ct. App. July 28, 2023).

Before considering the substance of the claims, the Court must first determine the applicable law. In a diversity action, a district court must apply the choice of law rules of the state in which it sits. *Nat'l Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992). Plaintiff did not attach the Agreement, nor did it indicate whether the Agreement had a choice of law provision. (*See* Compl., Doc. 4; Motion for Default Judgment, Doc. 48.) In this circumstance, Ohio choice of law rules mandate that the law of the state with the most significant relationship to the contract should govern disputes arising from it. *Nationwide Mut. Ins. Co. v. Ferrin*, 487 N.E.2d 568 (Ohio 1986). In determining the most significant relationship, Ohio has adopted the test set forth in the Restatement (Second) of Conflict of Laws § 188, which includes consideration of: (1) the place of contracting; (2) the place of negotiating the contract; (3) the place of performance; (4) the location of the contract subject matter; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *N. River Ins. Co. v. Emplrs. Reinsurance Corp.*, 197 F. Supp. 2d 972, 979 (S.D. Ohio 2002) (citing *Watts*, 963 F.2d at 150).

Ohio law is appropriate here. The Complaint does not identify how or where the parties negotiated and signed the Agreement. (*See* Compl., Doc. 4.) Plaintiff is a California company and Defendant is an Ohio company. (*Id.* at ¶¶ 1-2.) But, while the Products were shipped to Defendant's warehouse in Ohio, there is no discussion on where they were

4

shipped from or how the Products were later employed. (*Id.* at ¶ 7.) So, as multiple states may be appropriate, this Court will apply Ohio law. *See Dodge Data & Analytics LLC v. iSqFt, Dodge Data & Analytics LLC*, 183 F. Supp. 3d 855, 872 (S.D. Ohio 2016) ("If [] either state would be appropriate, the court should apply the law of the forum state."). To prove a breach of contract under Ohio law, a plaintiff must prove four elements: (1) that a contract existed, (2) the plaintiff performed, (3) the defendant breached, and (4) the plaintiff suffered damages as a result of the breach. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006).

Plaintiff has shown a breach of the Agreement. Plaintiff and Defendant entered into the Agreement, wherein Defendant agreed to pay for the Products provided by Plaintiff. (Compl., Doc. 4, ¶¶ 31-32.) Plaintiff fully performed under the Agreement by providing Defendant the Products. (*Id.* at ¶¶ 7-24.) Defendant breached the Agreement by only paying $99,459.12 towards the $1,674,459.87 it owed to Plaintiff for the Products. (*Id.* at ¶ 26.) As a result of Defendant's breach, Plaintiff has suffered $1,575,000.75 in damages. (*Id.* at ¶ 29.) Thus, Plaintiff is entitled to default judgment on its breach of contract and "on account" claims against Defendant.

## II.     Unjust Enrichment and Quantum Meruit/Quantum Valebant Claims

Plaintiff next brings unjust enrichment and "quantum meruit/quantum valebant" claims against Defendant for Defendant's failure to pay for the Products. (Compl., Doc. 4, ¶¶ 41-54.) "Unjust enrichment, quantum meruit, and quantum valebant are all quasi-contract theories." *Harrison v. Robinson*, No. CV-2018-01-0374, 2018 Ohio Misc. LEXIS 2849, at *5 (Ohio C.P. May 3, 2018) (collecting cases). "Because a quasi-contract claim only

5

exists when there is no valid contract, a party cannot claim that both an express contract and a quasi-contract exist over the same subject matter." *J. Bowers Constr. Co. v. Gilbert*, 18 N.E.3d 770, 774 (Ohio Ct. App. 2014) (citation omitted). The Court found that Plaintiff is entitled to default judgment for its breach of contract claim related to the same subject matter as its unjust enrichment and "quantum meruit/quantum valebant" claims. So, Plaintiff is not entitled to default judgment on its unjust enrichment or "quantum meruit/quantum valebant" claims.

## III. Conversion Claim

Finally, Plaintiff brings a conversion claim against Defendant for Defendant's failure to pay for the Products. (Compl., Doc. 4, ¶¶ 55-58.) Generally, "the existence of a contract action . . . excludes the opportunity to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). But, Ohio law permits "an action for tort [to] be combined with and arise from the same operative facts as a breach of contract action." *Burns v. Prudential Sec., Inc.*, 857 N.E.2d 621, 646 (Ohio Ct. App. 2006) (citation omitted). In such a case, tort claims may proceed when the defendant breached a duty apart from the contract:

> a tort claim based upon the same actions as those upon which a claim of breach of contract is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed.

*Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) (citation omitted).

Here, Plaintiff's conversion claim fails because it does not relate to a duty that

6

exists apart from the Agreement. Plaintiff's conversion claim is based on Defendant's duty to pay for the Products—a duty created by the Agreement. (*See* Compl., Doc. 4, ¶¶ 31-32, 55-58.) Thus, Plaintiff's conversion claim does not relate to a duty independent of the Agreement. In turn, Plaintiff is not entitled to default judgment on its conversion claim.

## IV.  Damages and Attorney's Fees

Next, the Court will consider Plaintiff's request for damages and attorney's fees. (Motion, Doc. 48, Pg. ID 385.) As noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotations omitted). While "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 U.S. Dist. LEXIS 129260, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). Based on the evidence presented, the Court finds a hearing on damages to be unnecessary.

Plaintiff seeks $1,575,000.75 in damages, interest, attorney's fees, and costs. (Motion, Doc. 48, Pg. ID 385.) The Court will consider each request in turn.

### a. Monetary Damages

Plaintiff first seeks $1,575,000.75 in monetary damages. (Motion, Doc. 48, Pg. ID 385.) The Court will review this request in the context of Plaintiff's breach of contract and "on account" claims, to which Plaintiff is entitled to default judgment. Under Ohio law, "[t]he damages awarded for a breach of contract should place the injured party in as good a position as he would have been but for the breach." *Walters v. Goddard*, 127 N.E.3d 322, 326 (Ohio Ct. App. 2018) (citation omitted).

Plaintiff has established that $1,575,000.75 in damages is warranted based on Defendant's breach of the Agreement. As this Court already found, Defendant breached the Agreement when it only paid $99,459.12 of the $1,674,459.87 it owed to Plaintiff. (*See* Invoices, Doc. 4-1, Pg. ID 11-51; Statement Balance, Doc. 4-1, Pg. ID 53-54.) Defendant now has an outstanding balance of $1,575,000.75 owed to Plaintiff, as shown by the invoices sent to and ignored by Defendant, Defendant's statement balance, as well as an affidavit by Plaintiff's CEO attesting to the same. (Invoices, Doc. 4-1, Pg. ID 11-51; Statement Balance, Doc. 4-1, Pg. ID 53-54; Katz Aff., Doc. 48-1, Pg. ID 387-89.) Thus, an award of $1,575,000.75 in monetary damages is appropriate to place Plaintiff "in as good a position as [it] would have been but for the breach." *Walters*, 127 N.E.3d at 326.

### b. Interest

Next, Plaintiff seeks interest on its damages amount. (Motion, Doc. 48, Pg. ID 385.) The Court will assume that Plaintiff is requesting both pre- and post-judgment interest. In diversity cases, "federal law controls post-judgment interest but state law governs awards of prejudgment interest." *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.,*

8

421 F.3d 400, 409 (6th Cir. 2005) (quotation omitted).

### i. Prejudgment Interest

Ohio law provides for prejudgment interest to the party that obtains a judgment on a contract claim or counterclaim. Ohio Rev. Code § 1343.03(A); *Landis v. Grange Mut. Ins. Co.*, 695 N.E.2d 1140 (Ohio 1998). "The award of prejudgment interest is intended to compensate the plaintiff for the period of time between accrual of the claim and judgment." *Persello v. Allstate Ins. Co.*, No. 10 MA 18, 2011 Ohio App. LEXIS 2813, at *9-10 (Ohio Ct. App. June 21, 2022) (citation omitted). Under § 1343.03(A), "when money becomes due and payable . . . upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of . . . a contract or other transaction, . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code," unless some other contractual rate applies. Ohio Rev. Code § 1343.03(A).

Plaintiff is entitled to prejudgment interest. *See Kott Enters. v. Brady*, No. L-03-1342, 2004 Ohio App. LEXIS 6617, at *28 (Ohio Ct. App. Dec. 30, 2004) (citation omitted) ("Where a party has been granted judgment on an underlying contract claim for money that is due and payable, that party is entitled to prejudgment interest as a matter of law."). Plaintiff did not provide the Agreement to the Court, nor did it indicate whether the Agreement set out a specific interest rate for claims related to it. (*See* Compl., Doc. 4; Motion for Default Judgment, Doc. 48.) So, the standard rate set out in Ohio Revised Code § 5703.47 applies. Plaintiff shall file a proposed judgment entry in which it calculates the amount of prejudgment interest that has accrued from each breach to the date of this

9

Order.

### ii. Postjudgment Interest

The Court now turns its attention to postjudgment interest. "28 U.S.C. § 1961(a) requires postjudgment interest to be paid on money awarded by district courts in civil actions." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-CV-594, 2019 U.S. Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (citations omitted). "The district court has no discretion to deny postjudgment interest, as it is mandatory." *Id.* (citing *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)). 28 U.S.C. § 1961(a) provides that "such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Accordingly, Plaintiff is entitled to postjudgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied.

### V. Attorney's Fees and Costs

Finally, Plaintiff seeks attorney's fees and costs. (Motion, Doc. 48, Pg. ID 385.) "It has long been the general rule in the United States that a prevailing party may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award." *Williams v. ABX Air*, No. 1:06-CV-833, 2007 U.S. Dist. LEXIS 71974, at *19 (S.D. Ohio Sept. 27, 2007) (citing *Shimman v. Int'l Union of Operating Eng'rs, Loc. 18*, 744 F.2d 1226, 1229 (6th Cir. 1984)). This general rule, known as the "American Rule," is recognized by Ohio law. *Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009). As noted above, Plaintiff did not provide a copy of the Agreement, nor did it

10

indicate that the Agreement provided for the recovery of attorney's fees or costs to a prevailing party in the event of an action related to it. (*See* Compl., Doc. 4; Motion for Default Judgment, Doc. 48.) Thus, Plaintiff is not entitled to attorney's fees and costs.

## CONCLUSION

For the foregoing, the Court **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment (Doc. 48) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's requests for (1) default judgment on its breach of contract and "on accounts" claims, (2) monetary damages, and (3) pre- and post-judgment interest are **GRANTED**. Plaintiff's requests for (1) default judgment on its unjust enrichment, quantum meruit/ quantum valebant, and conversion claims, (2) attorney's fees, and (3) costs are **DENIED**;

2. Default judgment is **ENTERED** in favor of Plaintiff on its breach of contract and "on account" claims;

3. Plaintiff is **AWARDED** against Defendant $1,575,000.75 in damages, plus postjudgment interest at the applicable statutory rate commencing on the date of this Order; and

4. Within twenty-one days of the date of this Order, Plaintiff **SHALL FILE** a proposed judgment entry reflecting the amount of prejudgment interest that has accrued from the date of Defendant's breaches to the date this Order is entered.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND